UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CMG WORLDWIDE, INC. *an Indiana Corporation*, and MARILYN MONROE, LLC *a Delaware Limited Liability Company*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRADFORD LICENSING ASSOCIATES, THE SHAW FAMILY ARCHIVES, Ltd. *a New York Corporation*, and JAMES E. DOUGHERTY,<br><br>*Defendants*. | Cause No. 1:05-cv-0423-DFH-WTL |

**ENTRY FOR MAY 4, 2005**
**MAGISTRATE JUDGE WILLIAM T. LAWRENCE**

This case is assigned for an initial pretrial conference before United States Magistrate Judge William T. Lawrence on **Friday, July 8, 2005 at 1:00 p.m.** in Room 277, Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana. The parties are ordered to confer and prepare a proposed Case Management Plan ("CMP"). The CMP shall be in the format set forth in the model CMP located at the court's website (www.insd.uscourts.gov), shall comply with S.D.Ind.L.R. 16.1(c) & (d), and shall address discovery issues as required by Fed. R. Civ. P. 26(f). **The parties shall file the CMP no less than seven days prior to the pretrial conference. Filing of the plan will not automatically vacate the pretrial conference. The conference will remain set unless specifically vacated by the Court, which is unlikely.**

In addition to preparation of the CMP, counsel should complete the attached "**Magistrate Judge's Summary of Case Management Plan**" and submit it at the time of filing the CMP.

Represented parties shall attend the initial pretrial conference by counsel. Counsel shall appear in person unless they obtain leave to appear at the pretrial conference by telephone. Leave to appear by telephone will be freely granted to counsel who must travel a significant distance to attend the pretrial conference, such as from out of the division in which the case is pending. Otherwise, counsel generally are expected to appear in person. The parties themselves may attend at their option.

Counsel who attend the conference must have their appearance on file, and must be familiar with and prepared to discuss the facts and legal issues in the case, as well as the scope of damages. Counsel should expect to be asked specific questions concerning the case, and should be prepared to set forth all known facts that support any issue, claim, or defense, including any claim for or defense to damages. If it appears at the conference that there is no factual or legal basis to support any issue, claim, or defense, the Court may enter an order dismissing such issue, claim, or defense without prejudice subject to refiling in the event subsequent discovery demonstrates the existence of facts or law supporting the issue, claim, or defense.

Pursuant to S.D.Ind.L.R. 16.1(h), counsel should also be prepared to fully discuss settlement at the initial pretrial conference (as well as any subsequent conference). Plaintiff's counsel shall appear at the pretrial conference prepared to make a settlement demand if no demand has yet been made. Defendant's counsel shall appear at the pretrial conference prepared to make an offer to any outstanding

demand.  If no demand has been made, Defendant's counsel shall be prepared to discuss the general parameters of relief responsive to any demand made at the pretrial conference.

     The Court encourages counsel to agree on a numbering system for exhibits in discovery that will assign a unique number to each exhibit, so that the same exhibit number can be used at all depositions and at trial.  If the parties anticipate seeking a protective order to protect the confidentiality of trade secrets or other confidential information, they shall carefully review the Seventh Circuit's decisions in <u>Baxter International v. Abbott Laboratories</u>, 297 F.3d 544 (7th Cir. 2002), <u>Union Oil Company of California v. Leavell</u>, 220 F.3d 562 (7th Cir. 2000), <u>Citizens First National Bank of Princeton v. Cincinnati Insurance Co.</u>, 178 F.3d 943 (7th Cir. 1999), and related cases.  Failure to conform any proposed protective order to the limitations and requirements of these decisions may result in the Court denying the proposed order.

     The Court also encourages counsel to register with the Clerk's office for electronic filing.  Counsel need only register one time in the Southern District; it is not necessary to register in every case in which counsel is involved.  Counsel will find basic information and a registration form attached if they have not previously registered.  Additional information can be found by visiting the Court's website and going to the page entitled *Electronic Case Filing.*  For assistance or training in the use of electronic filing, please contact Wendy Carpentier at wendy_carpentier@insd.uscourts.gov or (317) 229-3718.

If you have questions or need assistance regarding the conference before Judge Lawrence, please call Jennifer Ong, Courtroom Deputy (317) 229-3615 or Libby Cheema, Judicial Assistant (317) 229-3610.

Copy to:

David J. Arens
LOCKE REYNOLDS LLP
darens@locke.com

James R. Recker II
ATTORNEY AT LAW
civilrightslawyer@juno.com

Mark J. Roberts
LOCKE REYNOLDS LLP
mroberts@locke.com

In addition to preparing a case management plan, counsel shall prepare a case management plan summary to submit to the court. The purpose of the summary is to provide the court with a simple, in-chambers reference regarding the case. The summary must fit on one page and include the following information in the following format:

<strong><u>MAGISTRATE JUDGE'S SUMMARY OF CASE MANAGEMENT PLAN</u></strong>

**Date Approved**:   (for court's use)        **Cause No.**:

**Caption**:

**Pltf's Counsel**:   (include name and telephone number)

**Deft's Counsel**:   (include name and telephone number)

**Nature of Case**:   (state nature of claim (e.g. tort, breach of contract, employment discrimination (gender), etc.) and SHORT factual synopsis)

**Defenses**:   (state SHORT factual synopsis and summary of defenses)

**Discovery**:   Completed by (date in CMP)

**Readiness**:   Trial in (month and year in CMP)

**Trial Time**:   ___ days (also include whether trial by jury or to the court)

**Motions Pending**:   (list any motions currently pending)

**Motions Future**:   Amend pleadings/add parties by ____; summary judgment by ____ (dates in CMP)

**Pltf's Demand**:   Due (date in CMP)        **Defense Offer**:  Due (date in CMP)

**Settlement**:   Court settlement conference/private mediation (select one)

**Remarks**:   (for court's use)

The use of unambiguous abbreviations is encouraged. A sample summary is attached for your reference.

## MAGISTRATE JUDGE'S SUMMARY OF CASE MANAGEMENT PLAN

**Date Approved**:                              **Cause No.**:  1:04-CV-4562 LJM/WTL

**Caption**:          John Smith v. Jane Doe, Inc.

**Pltf's Counsel**:   Peter Piper:  555-1111

**Deft's Counsel**:   Snow White:  555-2222

**Nature of Case**:   Breach of implied warranty of merchantability; pltf purchased a briefcase manufactured by deft; handles on briefcase broke, briefcase opened, and pltf's very important papers flew out into traffic and were ruined

**Defenses**:         Pltf misused briefcase by filling it too full; briefcase was merchantable and would not have broken otherwise

**Discovery**:        Complete **12-1-04**

**Readiness**:        Trial in **February 2005**

**Trial Time**:       3 days by jury

**Motions Pending**:  None

**Motions Future**:   Amend pleadings/add parties by **8-1-04**; summary judgment by **11-20-04**

**Pltf's Demand**:    Due **10-1-04**      **Defense Offer**:  +15 days

**Settlement**:       Parties request a settlement conf. with the M.J. in approx. 3 months

**Remarks**: