UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CMG WORLDWIDE, INC., and<br>MARILYN MONROE, LLC, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CASE NO. 1:05-cv-0423-DFH-WTL |
| BRADFORD LICENSING ASSOCIATES,<br>THE SHAW FAMILY ARCHIVES, LTD.,<br>and JAMES E. DOUGHERTY, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**DEFENDANT BRADFORD LICENSING AND SHAW FAMILY ARCHIVES'
RESPONSE TO MOTION TO SET BRIEFING SCHEDULE**

Defendants, Bradford Licensing Associates ("Bradford") and Shaw Family Archives, Ltd. ("Shaw Family Archives") (collectively, the "Defendants"), by counsel, state that they have **no objection** to the Court entering the order proposed by Plaintiffs in their Motion to Set Briefing Schedule (the "Motion"). **However**, the Motion contains misstatements to the Court regarding the Defendants' counsel's communications with Plaintiffs' counsel, which are hereby corrected as follows:

1.)   CMG's counsel telephoned the undersigned counsel on May 25, 2005. CMG's counsel advised that CMG was considering whether to file an Amended Complaint against Bradford and Shaw Family Archives, but had not yet made that decision. He advised that he was of the opinion that CMG could file such an Amended Complaint as a matter of right and without leave of Court, because no "responsive pleading" had yet been filed. I advised that I had not researched that issue, but that it would be surprising in view of the fact that we had undertaken significant time and resources in preparing Bradford's Motion to Dismiss, and the related

affidavit. I advised CMG's counsel, though, that *the issue was moot* because Defendants *would not assert any objection* to CMG amending its complaint, and that Defendants would simply refile their Motions to Dismiss thereafter. CMG's counsel never contacted the undersigned again to advise that CMG was in fact filing its Amended Complaint (which was done on June 7, 2005) and/or to inquire whether our "position" regarding the Motion to Dismiss briefing schedule had changed.

   2.)  CMG has made several misstatements of fact in its Motion to Set Briefing Schedule. Defendants do hereby wish to correct the record, as a precaution against future misstatements being made to the Court by CMG. In particular:

- *"2. During conferences between counsel leading up to this motion. . ."* There was only 1 brief telephone call relating to the stated topic. No more. Further, it was not even clear that CMG intended to file an Amended Complaint – CMG's counsel expressly stated that they had not yet decided whether they would be filing such an amendment. Finally, at no time did CMG's counsel contact Defendants' counsel after filing the Amended Complaint to discuss the issue further, or specifically, to discuss this Motion to Set Briefing Schedule.

- *"[2.] . . . counsel for Defendants Bradford and Shaw has taken the position that motions to dismiss or transfer constitute responsive pleadings."* and *"5. Defendants' counsel has taken the following positions: (1) the motion to dismiss constitutes a responsive pleading, and therefore, the filing of an amended complaint without leave of the Court is improper; . . . and (3) the filing of an amended complaint, even if allowed by the Court, would have no effect upon the issue of personal jurisdiction."* While the undersigned told CMG's counsel that he would be surprised to learn that a Motion to Dismiss does not constitute a "responsive pleading" for purposes of FRCP 15 (which I have since confirmed it in fact does not), I expressly told CMG's counsel that I had not researched the issue then, but that *the issue was moot* as *we would not object* to what CMG was suggesting anyhow. The undersigned did not express any "position" to CMG other than the desire to look at the issue, which was purely academic in that the Defendants would not be objecting to what CMG was proposing.

- *"5. Defendants' counsel has taken the following positions: . . . (2) the motion to transfer is not moot, and Plaintiffs should respond thereto."* At no time was this topic <u>ever</u> discussed between CMG's counsel and the undersigned counsel. Indeed, the sole conversation with CMG's counsel

2

occurred on May 25, 2005.  At that time, the <u>only</u> Motion to Dismiss that had been filed was on behalf of Defendant Bradford Licensing.  That Motion did <u>not</u> even include a Motion to Transfer.  The only Motion to Transfer that has been filed was filed on behalf of Defendant Shaw Family Archives, which occurred on May 27, 2005 – *two days after* the sole communication with CMG's counsel about the amendment issues.

3.) To reiterate, Defendants have no objection to the proposed order attached to CMG's Motion to Set Briefing Schedule.  Defendants take exception to CMG's counsel's mistatements of fact about the nature of the sole and brief communication that occurred on this topic prior to the filing of its Motion to Set Briefing Schedule, and appreciate the Court's attention to this correction of the record.

Respectfully submitted,

*/S/*James M. Hinshaw
James M. Hinshaw
Hamish S. Cohen
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204-4900
(317) 635-8900

*Attorneys for Defendants, Bradford Licensing Associates and Shaw Family Archives, Ltd.*

3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been served on the following via the Court's electronic filing system this 9th day of June 2005:

J. Lee McNeely
McNEELY STEPHENSON THOPY & HARROLD
Shelbyville, IN
jlmcneely@msth.com

Jonathan G. Polak
Eric M. Hylton
Amy L. Wright
James Braden Chapman, II
DANN PECAR NEWMAN & KLEIMAN
Indianapolis, IN
jpolak@dannpecar.com
ehylton@dannpecar.com
awright@dannpecar.com
jchapman@dannpecar.com

                                                    /S/James M. Hinshaw

963834