**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CMG WORLDWIDE, INC., an Indiana Corporation and MARILYN MONROE, LLC, a Delaware Limited Liability Company, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | Cause No.:1:05-cv-0423-DFH-WTL |
| BRADFORD LICENSING ASSOCIATES, THE SHAW FAMILY ARCHIVES, Ltd., a New York Corporation, and JAMES E. DOUGHERTY, ) ) ) ) ) ) | |
| Defendants. ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND ADD A PARTY TO ACTION**

Plaintiffs CMG Worldwide, Inc. ("CMG") and Marilyn Monroe, LLC, by counsel, respectfully move the Court for Leave to File their First Amended Complaint so that Valhalla Productions, LLC, may be added as a party-Defendant in this matter. Counsel for Defendants Bradford Licensing Associates and The Shaw Family Archives, Ltd has voiced no objection to this motion, but reserves its rights to contest the pleading in due course.

**I.**

**RULE 15(a) REQUIRES THAT LEAVE TO AMEND BE FREELY GIVEN**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings should be "freely given when justice so requires." *Id.* Moreover, leave to amend should generally be granted "unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II.

### THE EXCEPTIONS TO RULE 15(a)'S LIBERAL AMENDMENT POLICY ARE INAPPLICABLE

In the instant case, none of the reasons generally cited for denying a motion for leave to file an amended complaint are present. Accordingly, the Court should grant the instant motion and allow Plaintiffs to file their Second Amended Complaint.

**A.      Plaintiffs Have Not Unduly Delayed in Seeking to Amend.**

Plaintiffs have not unduly delayed in seeking to amend their Complaint, nor is there any dilatory motive behind the instant motion. On the contrary, Plaintiffs have not yet filed a responsive pleading, and a case management plan conference has not yet occurred. Accordingly, a strong presumption exists that Plaintiffs have not unduly delayed in the filing of this motion, and in any event, "'[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint . . . .'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004)(quoting *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002)). Moreover, the extent of Valhalla Production, LLC's ("Valhalla")(*i.e.*, the party which Plaintiffs seek amendment to add) infringement upon Plaintiffs' rights to and interests in the Monroe Intellectual Property Rights was not known to Plaintiffs until Defendants filed their motions to dismiss which, as explained below, revealed Valhalla's direct involvement in the marketing and sales of infringing products and services. Thus, Plaintiffs have not been dilatory in filing this leave to amend.

907766_1

B.  **Plaintiffs Have Not Repeatedly Failed to Cure Noted Deficiencies.**

This is Plaintiffs' first request for leave of the Court to amend their Complaint.  Although Plaintiffs have filed a First Amended Complaint as a matter of right pursuant to Rule 15(a), they could not name Valhalla as a party-Defendant in their First Amended Complaint because "[a]lthough Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, here, the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants." *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993)(citing cases); *see Wynn v. Cooper*, 1993 WL 398605, * 1  (N.D. Ill. Oct. 6, 1993)("However, when an amendment seeks to assert claims against additional defendants, the requested amendment requires leave from the court before it may be filed."); *see also  Woodruff v. Mueller*, 2004 WL 724886, * 5 (N.D. Cal. Mar. 24, 2004)(same).  There simply have been no repeated failures by Plaintiffs to cure deficiencies by amendments previously allowed.

C.  **Defendants Will Not Suffer Undue Prejudice By This Amendment.**

Defendants will suffer no undue prejudice by this amendment, and the amendment would not be futile.  A review of the proposed Second Amended Complaint (a copy of which is hereto attached as Exhibit "A") reveals that the only major substantive change is the addition of Valhalla as a party-Defendant.  As Plaintiffs referenced Valhalla's involvement and association with Defendants in the First Amended Complaint, Defendants will suffer no prejudice as a result of the filing of the Second Amended Complaint. *See Olivares v. NASA*, 934 F. Supp. 698, 700 (D. Md. 1996)(granting the motion for leave to amend a complaint to add a new party because the newly proposed defendants were already cited in the text of the previous complaint).

### III.

### VALHALLA IS AN INTEGRAL PARTY TO THIS ACTION

Prior to the filing of Defendants' motions to dismiss in the instant case, Plaintiffs were unaware of the extent of Valhalla's involvement in activities which infringe upon Plaintiffs' intellectual property rights. According to the documents attached to Defendants' motions to dismiss, Valhalla has contracted with Bradford for the manufacturing, marketing, and selling of products and services which infringe upon the Monroe Intellectual Property Rights. Apparently Bradford (at least in part) acts as a facilitator, placing Shaw and Valhalla together in a business relationship, and then, Valhalla contracts with other parties to manufacture infringing products which Valhalla and Bradford advertise, market, and sell. As such, Valhalla is in direct contractual privity with Valhalla and Shaw and, thus, is an integral party to this case.

Rule 21 provides that a party may be added upon terms which are just. Here, it was Defendants, not Plaintiffs, which first introduced Valhalla as a potential Defendant in this action by referring to Valhalla in their motions to dismiss. Accordingly, there is no reason why Plaintiffs should not be allowed, at this early stage of the litigation, to amend their Complaint to add Valhalla as a party Defendant given its involvement in this matter.

WHEREFORE, Plaintiffs respectfully move the Court to grant their Unopposed Motion for Leave to File Second Amended Complaint, to enter an Order directing the Clerk of the Court to file the attached Second Amended Complaint, and for all other just and proper relief.

Respectfully submitted,

DANN PECAR NEWMAN & KLEIMAN, P.C.

By: ___s/ Jonathan G. Polak___
Jonathan G. Polak, No. 21954-49
Eric M. Hylton, No. 20178-32
Amy L. Wright, No. 22241-49
James B. Chapman II, No. 25214-32
One American Square, Suite 2300
Box 82008
Indianapolis, IN 46282
(317) 632-3232 – Telephone
(317) 632-2962 – Facsimile

McNEELY STEPHENSON THOPY & HARROLD

J. Lee McNeely, No. 9542-73
30 E. Washington Street, Suite 400
Shelbyville, IN 46176
(317) 392-3619 – Telephone
(317) 835-7777 – Facsimile

**CERTIFICATE OF SERVICE**

I also hereby certify that a true and correct copy of the foregoing has been served upon the following by electronic means *via* the Court's digital document delivery system this 16th day of June, 2005:

James M. Hinshaw
Hamish S. Cohen
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900

___s/    Jonathan G. Polak___
Jonathan G. Polak

907766_1