IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

*Denied as moot due to filing of 2nd Amended Complaint.*
*s/William T. Lawrence*
*6/29/05*

| | |
|---|---|
| CMG WORLDWIDE, INC., an Indiana Corporation and MARILYN MONROE, LLC, a Delaware Limited Liability Company, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | Cause No.:1:05-cv-0423-DFH-WTL |
| ) ) | |
| BRADFORD LICENSING ASSOCIATES, THE SHAW FAMILY ARCHIVES, Ltd., a New York Corporation, and JAMES E. DOUGHERTY ) ) ) ) ) | |
| Defendants. ) | |

**MOTION TO SET BRIEFING SCHEDULE**

Plaintiffs CMG Worldwide, Inc. ("CMG"), and Marilyn Monroe, LLC, by counsel, respectfully move the Court move the Court to set a briefing schedule in the above-captioned case. This motion is filed to clarify the procedural status of a pending Rule 12 motion in light of the Amended Complaint filed contemporaneously herewith.

1. On March 23, 2005, Plaintiffs filed the above captioned case against Defendants. On May 20, 2005, Defendant Bradford Licensing Associates ("Bradford") filed a motion to dismiss, and on May 27, 2005, Defendant The Shaw Family Archives, Ltd. ("Shaw") filed a motion to dismiss or, alternatively, to transfer. Defendant James E. Dougherty has not yet responded to the Complaint in any way. Because Defendants have not yet filed a responsive pleading, Plaintiffs filed an Amended Complaint on June 7, 2005, which added certain additional causes of action against Defendants.

907815_1.DOC

2. During conferences between counsel leading up to this motion, counsel for Defendants Bradford and Shaw has taken the position that Defendants' motions to dismiss or transfer constitute responsive pleadings. This is incorrect. *See Haven v. Polska*, 215 F.3d 727, 732 (7th Cir. 2000)("A motion to dismiss is not a responsive pleading."); *Youn v. Track, Inc.*, 324 F.3d 409, 415-16 (6th Cir. 2003)("The court incorrectly determined that the motion to dismiss for lack of personal jurisdiction was a responsive pleading."). As such, Plaintiffs are and were entitled—as a matter of right—to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), something which they have now done.

3. Plaintiffs also believe that the filing of their First Amended Complaint moots Defendants' motions to dismiss. *E.g.*, *Magin v. Monsanto Co.*, 2005 WL 83334, * 4 (N.D. Ill. Jan. 13, 2005)(noting: "(The defendants' motions to dismiss the original complaint were mooted when Magin filed his first amended complaint.)."); *Davis v. City of Chicago*, 2004 WL 728215, * 1 (N.D. Ill. April 2, 2004)("Defendants' first motion to dismiss was rendered moot by plaintiffs' amended complaint."). The mootness of Defendants' motions to dismiss is especially relevant in this case given the fact that the newly alleged causes of action further clarify this Court's personal jurisdiction over Defendant pursuant to the so-called "effects test." *Calder v. Jones,* 465 U.S. 783 (1984); *Janmark, Inc. v. Reidy,* 132 F.3d 1200, 1203 (7th Cir. 1997).

4. What is unclear to Plaintiffs is whether Defendant Shaw's motion, which it made in the alternative, to transfer this case pursuant to 28 U.S.C. § 1404(a) has also been rendered moot by the filing of the Amended Complaint or whether a response to that portion of Defendant's motion is due and owing to the Court from Plaintiffs. Plaintiffs take the position that it would be in the interest of judicial economy to defer a response and ruling on the motion to transfer until after the Court has determined the personal jurisdiction issue, especially given

the fact that a court may not transfer a case under 28 U.S.C. § 1404(a) unless the transferor court has determined that it was a proper venue in which to file the action in the first place. *State Farm Mut. Auto Ins. Co. v. Estate of Robert Busell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996).

5. Defendants' counsel has taken the following positions: (1) the motion to dismiss constitutes a responsive pleading, and therefore, the filing of an amended complaint without leave of the Court is improper; (2) the motion to transfer is not moot, and Plaintiffs should respond thereto; and (3) the filing of an amended complaint, even if allowed by the Court, would have no effect upon the issue of personal jurisdiction.

6. It makes no practical sense to allow the pending motion to dismiss to remain pending. The Amended Complaint impacts the personal jurisdiction debate. If the Court does not find that the original motion is mooted by the Amended Complaint, then this Court runs the risk of ruling on the same issue twice, with the first ruling having no bearing on this matter at all.

7. Notably, Chief Judge McKinney entered an Order today granting Plaintiffs' motion to set briefing schedule in a related case which addressed identical issues as those raised in the instant motion. *See* Exhibit "A."

8. Based upon these representations, Plaintiffs believe that the Court should enter a briefing schedule that disposes of these issues.

WHEREFORE, Plaintiffs move the Court: (1) to find that no responses to Defendants' motions to dismiss or, alternatively, to transfer venue are required in light of the filing of an Amended Complaint; and (2) to direct Defendants to respond to the Amended Complaint on or before June 30, 2005. Alternatively, should this Court find that Defendants' motions to dismiss and/or transfer remain pending, Plaintiffs request that they be given an extension of time to June

30, 2005, to respond to said motion. Plaintiffs seek such other relief to which they may show themselves otherwise entitled.

Respectfully submitted,

DANN PECAR NEWMAN & KLEIMAN, P.C.

By: s/ Jonathan G. Polak
Jonathan G. Polak, No. 21954-49
Eric M. Hylton, No. 20178-32
Amy L. Wright, No. 22214-49
James B. Chapman II, No. 25214-32
One American Square, Suite 2300
Box 82008
Indianapolis, IN 46282
(317)632-3232 – Telephone
(317)632-2962 – Facsimile

McNEELY STEPHENSON THOPY & HARROLD

J. Lee McNeely, No. 9542-73
30 E. Washington Street, Suite 400
Shelbyville, IN 46176
(317) 392-3619 – Telephone
(317) 835-7777 – Facsimile

## CERTIFICATE OF SERVICE

I also hereby certify that a true and correct copy of the foregoing has been served upon the following by electronic means *via* the Court's digital document delivery system this 7th day of June, 2005:

James M. Hinshaw
Hamish S. Cohen
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900

s/ Jonathan G. Polak
Jonathan G. Polak

4

907815_1.DOC