UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CMG WORLDWIDE, INC., and )
MARILYN MONROE, LLC, )
)
      Plaintiffs, )
)
v. ) CASE NO. 1:05-cv-0423-DFH-WTL
)
BRADFORD LICENSING ASSOCIATES, )
THE SHAW FAMILY ARCHIVES, LTD., )
and JAMES E. DOUGHERTY, )
)
      Defendants. )

## AFFIDAVIT OF DAVID MARCUS

After having first been duly sworn, David Marcus states:

1. I am an adult over the age of eighteen (18), have personal knowledge of the matters stated herein, and am competent to attest to such matters.

2. I am an attorney licensed to practice in New York. I have done some legal work for Shaw Family Archives, Ltd. ("Shaw Family Archives").

3. I am the son of Edith Shaw Marcus, who owns a twenty-five percent interest in Shaw Family Archives.

4. I am not an officer or a director of Shaw Family Archives. Further, I am not the Shaw Family Archives' registered agent in New York or any other State.

5. I am, however, listed on the New York Department of State's ("NYDS") Internet listing solely as the individual who receives a copy of documents served on the NYDS in the event that the NYDS accepts service on behalf of a business organization. The NYDS Internet listings, however, identify other individuals as officers and directors of Shaw Family Archives



EXHIBIT 2

for instances where someone wishes to serve Shaw Family Archives directly. I do not know how my name came to be listed on the NYDS Internet listing.

6.   The plaintiffs in this action first served their Complaint via certified mail on me at my former work address located at 199 Main Street, White Plains, New York, which then forwarded the Complaint and Summons to my attention. I did not receive the Complaint and/or Summons till on or about April 4, 2005. Further, I was not authorized to and did not accept service at that time on behalf of the Shaw Family Archives.

7.   On or about April 19, 2005 the Shaw Family Archives, Edith Marcus and Meta Stevens filed a Complaint against CMG Worldwide, Inc. ("CMG") and Marilyn Monroe, LLC ("MMLLC") in the Southern District of New York (the "SFA Complaint"). A true and accurate copy of the SFA Complaint is attached hereto as Exhibit A.

8.   Shaw Family Archives, Edith Marcus and Meta Stevens brought the SFA Complaint seeking damages for copyright infringement as well as injunctive relief precluding CMG and MMLLC from taking further actions in violation of copyright laws and a declaration from the Court that CMG has no right of publicity relating to Marilyn Monroe.

9.   The SFA Complaint was served on CMG and MMLLC on April 20, 2005 via a process server. True and accurate copies of the process servers' Affidavits of Service are attached hereto as Exhibit B.

10.  On May 4, 2005, CMG and MMLLC filed an Amended Alias Summons with this Court and served it via certified mail on Larry Shaw as chief executive officer of Shaw Family Archives. Larry Shaw received the Summons on or about May 5, 2005 when it left on his door.

FURTHER AFFIANT SAITH NOT

I affirm, under the penalties for perjury, that the foregoing representations are true to the best of my knowledge.

Dated: 5/24/05

David Marcus

959162.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                Plaintiffs,

-against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                Defendants.
------------------------------------------------------------x

**COMPLAINT**

Judge McMahon

05 CV 3939

SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS and META STEVENS, by and through its undersigned counsel, for its complaint for damages and declaratory relief, alleges as follows:

### INTRODUCTION

1. Plaintiffs EDITH MARCUS ("Marcus"), META STEVENS ("Stevens") and SHAW FAMILY ARCHIVES, LTD. ("the Archives") seek an award of damages, including attorney's fees and any and all gains, profits and advantages obtained by defendants CMG WORLDWIDE, INC., ("CMG") and MARILYN MONROE, LLC, ("MM"), as a result of defendants' acts of copyright infringement as alleged in paragraphs 15 through 26 below, or, in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c). Plaintiffs further seek a declaration, pursuant to 28 U.S.C. §§2201-2202, that CMG and MM have no authority or right to copy or publish, or the right to prohibit the commercial publication by plaintiffs or any parties designated by plaintiffs as licensees, of those works that are the subject of the aforementioned claim of copyright infringement. Plaintiffs further seek the granting of an injunction restraining

EXHIBIT 2A

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: _____

defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

2. An actual, justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations is necessary and appropriate.

### THE PARTIES, JURISDICTION AND VENUE

3. Plaintiff the Archives is a New York Corporation whose principal place of business is in the County of Rockland, State of New York.

4. Plaintiff Edith Marcus is an individual residing in the County of Rockland and the State of New York. Plaintiff Meta Stevens is an individual residing in the County of New York and the State of New York. Edith Marcus and Meta Stevens are shareholders of the Archives, and are the daughters of Sam Shaw, the photographer whose works are at issue herein.

5. Defendant CMG is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana. Defendant MM is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business in Indiana through CMG.

6. This court has original jurisdiction over this civil action under 28 U.S.C. §1332(a). Although the plaintiffs are residents of New York, none of the defendants reside within New York. The Archives and defendants are, therefore, citizens of different states. Venue in this district is proper, pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the property, events, acts or omissions giving rise to the asserted claim are located or took place in this district. Moreover, the amount in controversy in the claims described in this Complaint exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      This Court has jurisdiction over defendants because, upon information and belief, defendants conduct business in New York. In addition, this action arises from tortious conduct committed by defendants in New York or causing injury in New York. Moreover, the works at issue in this action are located within the State of New York and the legal questions at issue in this action revolve around New York law, specifically New York's law regarding the right of publicity. *See* NY CLS Civ. R. §§ 50 and 51; *Pirone v. MacMillan*. 894 F.2d 579 (2d Cir. 1990).

8.      Furthermore, this Court has jurisdiction over defendants because this action arises under the Copyright Act, 17 U.S.C. §101, *et seq.*, as well as 28 U.S.C. §2201. This action therefore involves a federal question, and invokes jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b).

## BACKGROUND

9.      Sam Shaw ("Shaw") was one of the foremost photographers of his time. Although initially renowned for his career as a photojournalist for Colliers Magazine, it is his remarkable portraits of artists, musicians, film, television and theatrical celebrities, and his unique photographs of Marilyn Monroe and the ensuing friendship between Mr. Shaw and Ms. Monroe, for which he is most notably remembered.

10.     During their work together, Mr. Shaw and Ms. Monroe formed a lifelong friendship. Given his close personal relationship with Ms. Monroe, he was able to photograph Marilyn at her most intimate, relaxed and open self. Indeed, Mr. Shaw designed, staged and took the famous flying skirt series of photographs of Ms. Monroe that are known throughout the world.

11. Sam Shaw was the author and owner of all copyrights to the photographs he took. He passed away in 1999 with his copyrights in a Trust. The sole trustees and interest holders were his daughters Edith Marcus and Meta Stevens. See the Last Will and Testament of Sam Shaw, annexed hereto as Exhibit "A," and the trust agreements of October 4, 1994, November 3, 1995, and April 22, 1998, annexed hereto as Exhibits "B," "C" and "D," respectively. When Sam Shaw died in 1999, his shares in the aforementioned Trust passed to Marcus and Stevens, *per stirpes*. Pursuant to a settlement reached in the Supreme Court of the State of New York, County of New York, on June 5, 2002, it was agreed that Shaw Family Archives, Ltd. had the right to market, and offer for commercial exploitation, the Shaw Collection. Sam Shaw's children Larry Shaw, Marcus and Stevens jointly own the Archives. See the transcript of the June 5, 2002 settlement, annexed hereto as Exhibit "E."

12. Plaintiffs Marcus and Stevens own and control the copyrights of photographs of Marilyn Monroe contained within the Shaw Collection, many of which have never been seen by the public.

13. Shaw Family Archives, Ltd. is duly authorized to market and license the Shaw Collection by virtue of the agreement set forth in Exhibit "E" herein.

14. Only a select few Marilyn Monroe photographs have been licensed by plaintiffs thus far. Those photographs have been used for, among other things, exhibitions, advertising, magazines, calendars, and on wine bottles. Plaintiff the Archives also sells high-quality prints of Marilyn Monroe from the Shaw Collection.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT
### (17 U.S.C. SECTION 101, *et seq.*)

15. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16. In or about 1957, Sam Shaw created a group of original photographs of Marilyn Monroe taken at the beach at Amagansett, New York. One of these photographs was depicted in the book "Marilyn Among Friends." The registered photographic image is annexed hereto as Exhibit "F." The Register of Copyrights issued certificate of registration number TX 2-400-879 for one of these images, among others, depicted in "Marilyn Among Friends." The effective date of his registration is June 18, 1998. A true and correct copy of the foregoing certificate of registration is annexed hereto as Exhibit "G."

17. During all relevant times, plaintiffs Marcus and Stevens have been and are the owner of all rights, title, and interest in the subject photographs in the Shaw Collection, including the right to sue for infringement thereof. Plaintiff the Archives has the right to market the Shaw Collection.

18. Neither plaintiffs, nor anyone authorized by plaintiffs or their predecessors in interest, authorized defendants to exercise any of the exclusive rights of a copyright owner, as defined by 17 U.S.C. § 106, with respect to any of the photographs protected by the Certificates of Registration identified above, or any other photograph in the Shaw Collection that have either been registered with the Copyright Office or have not been registered but are otherwise not in the public domain..

19. Defendants did in fact wrongly display on a web site or web sites affiliated with the defendants images owned and controlled by plaintiffs that are protected by United States

5

Copyright Law, as part of Defendants' advertising activities and for commercial advantage.

20. Defendants have licensed and caused to be copied three copyright protected images on a coffee mug depicted herein as Exhibit "H." Plaintiffs Marcus and Stevens own the copyright to all three images and a copyright registration, pertaining to at least one of these images, as aforesaid, was filed and accepted by the Copyright Office. Defendants never obtained approval from plaintiffs to market, license and/or copy any photographs in the Shaw Collection.

21. The aforesaid infringements are of a continuing nature and are therefore not time-barred by the applicable statute of limitations.

22. Moreover, defendants have also made, distributed and/or displayed other copies of plaintiffs' copyright protected photographic works as part of defendants' advertising activities, or have otherwise offered to or have licensed others to make copies of the Shaw Collection as if defendants owned the rights to photographs as to which said plaintiffs own and control the copyrights.

23. Furthermore, plaintiffs have been informed that defendants may be advertising, offering for sale, and are selling other copyright protected works of the Shaw Collection in addition to those set forth above. Plaintiffs will seek leave to amend this action once these other acts of infringement can be specifically identified.

24. The activities of defendants complained of herein are continuing, constitute willful infringement of plaintiff's registered copyrights, and were and are in blatant disregard of plaintiffs' rights.

25. Plaintiffs are entitled to an injunction restraining defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

6

26. Plaintiffs are further entitled to recover from defendants the damages, including attorney's fees and any and all gains, profits and advantages obtained by defendants, as a result of defendants' acts of infringement alleged above, or, in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c). At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs.

## SECOND CAUSE OF ACTION

### DECLARATION AS TO PLAINTIFF'S EXCLUSIVE RIGHT TO THE PHOTOGRAPHS CONTAINED WITHIN THE SHAW COLLECTION AND DEFENDANTS' LACK OF RIGHTS REGARDING THE COPYRIGHTS, THE ALLEGED RIGHT TO PUBLICITY, OR THE ALLEGED RIGHT TO PUBLISH

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28. Defendants have pursued an aggressive campaign of threats and intimidation to force third-parties to obtain defendants' permission for any use of Marilyn Monroe's name or likeness. By threatening to and actually filing lawsuits, defendants have been successful in forcing compliance with their improper demands. Defendants have accomplished this not by actually having any rights, but by forcing third-parties to give in to defendants' demands in order to avoid costly litigation.

29. Defendants' campaign to force third-parties to pay defendants for the use of Marilyn Monroe's image, despite the fact that defendants lack the right to control the commercial use of Ms. Monroe's image, involves initially threatening to commence litigation in Indiana. If the third-party in question fails to acquiesce to defendants' improper demands, defendants commence groundless, spurious lawsuits in Indiana. These lawsuits are very expensive and difficult for the third-parties to defend, as most of the third-parties are located in other parts of the country.

30.  In keeping with their usual tactics, CMG and MM have filed, but not yet served, a Summons and Complaint in Indiana Federal Court ("the Indiana action"), bearing Docket Number 5-cv-0423 (DFW) (WTL), against the within plaintiffs. A copy of the complaint in the Indiana action is annexed hereto as Exhibit "I." The Indiana action contains causes of action based on the allegations that the Archives do not own the copyrights to the Shaw Collection, that CMG and MM own the right of publicity of Marilyn Monroe, that the Archives has criminally converted their property and caused deception and that the Archives has interfered with their business.

31.  The complaint in the Indiana action fails to state a viable cause of action against the plaintiffs. Moreover, the summons in the Indiana action erroneously suggests that Shaw Family Archives, Ltd., may be served "c/o David Marcus, Esq." Ex. I. It should be noted that David Marcus, Esq. is one of Shaw Family Archives, Ltd.'s attorneys, and is *not* one of their designated agents upon which process may be served.

32.  In the Indiana action defendant MM falsely claims to exclusively own all of Marilyn Monroe's posthumous rights of personality, publicity and association. Defendant CMG falsely claims to be the exclusive licensee of the rights of publicity of Marilyn Monroe by virtue of CMG's license with MM. Ex. I, ¶¶ 4, 5, 7.

33.  Defendants have falsely claimed and insisted that no use of any image of Marilyn Monroe may be made without defendants' consent. Defendants wrongly and improperly license the right to Marilyn Monroe's name, and likeness to generate substantial income.

34.  Despite their claims to the contrary, defendants do not possess any rights to the image of Marilyn Monroe given that Ms. Monroe was a domiciliary of New York at the time of her death. Although Ms. Monroe died in Los Angeles on August 8, 1962, she was a New York

8

domiciliary at that time, and under New York law, there is no posthumous right of privacy or publicity. Accordingly, even if, hypothetically, someone other than Marilyn Monroe had the right to control her name, likeness and image up to the time of her death, that right terminated with Marilyn Monroe's passing.

35. CMG and MM assert ownership and control of the rights of publicity of Marilyn Monroe based on Indiana Right of Publicity Statute I.C.32-36-1-1, *et seq*, enacted in 1994. Ex. I, ¶26. However, this statute only applies to Indiana and likely does not apply to Marilyn Monroe at all as she died prior to the enactment of said statute. Moreover, this Indiana Statute, and the publicity rights created therein, is preempted by 17 U.S.C. § 101, *et seq*.

36. CMG and MM have no rights of publicity in the name, likeness and image Marilyn Monroe, and their claims to the contrary have interfered with and prevented the licensing of the Shaw Collection by the plaintiffs.

37 Accordingly, defendants cannot, and in fact never could, lawfully place any restrictions or impediments on the right of plaintiffs to license the use of the Marilyn Monroe photographs as to which plaintiff owns the copyrights, and on any photographs which may be in the public domain. Nonetheless, defendants have falsely represented and traded on their claim that a right of publicity does exist as to Marilyn Monroe, and that defendants are the exclusive holders of those rights.

38. Plaintiffs request that this Court issue a judgment declaring that defendants own no rights of publicity, association, sponsorship and/or endorsement, in and to the name and likeness of the late actress Marilyn Monroe; that plaintiffs have rights to the photographs contained within the Shaw Collection, including the right to publish and issue licenses for the publication and use of those photographs; that plaintiffs Marcus and Stevens are the exclusive

copyright holder regarding the photographs covered under the copyright registrations described in the first cause of action in the instant complaint; and that statements plaintiff the Archives have made or issued to this effect are not defamatory or disparaging of defendants, defendants' rights or products.

## JURY DEMAND

39.     Plaintiffs request a trial by jury.

WHEREFORE, EDITH MARCUS, META STEVENS and SHAW FAMILY ARCHIVES, LTD., respectfully requests that the court enter judgment providing the following relief:

- A. A Declaratory Judgment, pursuant to 28 U.S.C. §2201, declaring that defendants own no rights of publicity, association, sponsorship and/or endorsement, in and to the name and likeness of the late actress Marilyn Monroe; that plaintiffs have rights to the photographs contained within the Shaw Collection, including the right to publish and issue licenses for the publication and use of those photographs; that plaintiffs Marcus and Stevens are the exclusive copyright holder regarding the photographs covered under the copyright registrations described in the first cause of action in the instant complaint; and that statements plaintiff the Archives has made to this effect are not defamatory or disparaging of defendants or defendants' products.
- B. An award of damages, including treble, statutory and punitive damages against defendants, and each of them, and costs and attorneys' fees, including pre- and post- Judgment interest, as permitted under the applicable laws and authorities.
- C. The granting of an injunction restraining defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

D. An award of damages, including attorney's fees and any and all gains, profits and advantages obtained by defendants, as a result of defendants' acts of copyright infringement as alleged above, or, in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c).

E. Such other and further relief as to this Court may seem just and proper.

Dated: Tappan, New York
April 19, 2005

Brian L. Greben (BG 1572)
David M. Marcus
Attorneys for Plaintiff
SHAW FAMILY ARCHIVES, LTD.
143 Independence Avenue
Tappan, New York 10983
(917) 686-9465

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                Case No.

                Plaintiffs,        **Rule 7.1 Statement**

     -against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                Defendants.
-----------------------------------------------------------------x

      Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for SHAW FAMILY ARCHIVES, LTD. (a private non-governmental party) certifies that the following are **no** corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

Dated: Tappan, New York
       April 19, 2005

                                  Brian L. Greben (BG 1572)
                                  David M. Marcus
                                  Attorneys for Plaintiff
                                  SHAW FAMILY ARCHIVES, LTD.
                                  143 Independence Avenue
                                  Tappan, New York 10983
                                  (917) 686-9465

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Southern District of New York

Index Number: 05 CV 3939　　　　　　　　　　　　　　　　　　　Date Filed: 4/19/2005

Plaintiff:
**Shaw Family Archives, Ltd., Edith Marcus and Meta Stevens**

vs.

Defendant:
**CMG Worldwide, Inc., an Indiana Corporation, and Marilyn Monroe, LLC, a Delaware Limited Liability Company**

Received by EXPRESS PROCESS SERVICE, INC. on the 20th day of April, 2005 at 11:04 am to be served on **CMG WORLDWIDE, INC., c/o Mark A. Roesler, Registered Agent, 10500 Crosspoint Blvd, Indianapolis, Indiana 46256.**

I, Pamela Conley, being duly sworn, depose and say that on the **20th day of April, 2005 at 3:10 pm, I:**

Delivered a true copy of the **Summons and Complaint** to Larry Molnar, Legal Counsel at the aforementioned address, who stated that they were authorized to accept service.

**Additional Information pertaining to this Service:**
Mark A. Roesler, Registered Agent was out of the country.

**Description of Person Served:** Age: 38, Sex: M, Race/Skin Color: Cauc, Height: 5'10", Weight: 160, Hair: Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action and have proper authority in the jurisdiction in which service was made. I declare that the facts set forth in the foregoing Affidavit of Service are true and correct.

Pamela Conley
Process Server

Subscribed and Sworn to before me on the 21st day of April, 2005 by the affiant who is personally known to me.

NOTARY PUBLIC

NANCY BOTBYL
Notary Public- Seal
State of Indiana
My Commission Expires Jul 18, 2006

**EXPRESS PROCESS SERVICE, INC.**
1201 N. Post Road
Suite 5
Indianapolis, IN  46219-4225
(317) 890-1055
Our Job Serial Number: 2005002667
Ref: Shaw et al v. CMG et al

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

EXHIBIT
2B

**BRANDYWINE PROCESS SERVERS, LTD.**
P. O. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475-2600
TAX I. D. NO. 51-0267938

# Invoice

Number: 70885

Date: April 22, 2005

**Client**

DAVID MARCUS
253 E 78TH ST # 11
NEW YORK, NY 10021

| SERVICE DATE | CASE CAPTION/DESCRIPTION OF SERVICES RENDERED | AMOUNT |
|---|---|---|
| 4/20/05 | SHAW FAMILY GROUP V. CMG MARILYN MONROE, LLC<br><br>PAID | 75.00 |
| | Total | $75.00 |

**TERMS:** Payment due within 20 days of invoice
1.5% per month finance charge on unpaid balance
Your prompt payment is greatly appreciated

Amount Paid: 75.00
Amount Due: 0.00

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 05 CV 3939

**SHAW FAMILY ARCHIVES, LTD**

Plaintiff(s) Petitioner(s)

against

**CMG WORLDWIDE, INC**

Defendant(s) Respondent(s)

Calendar No.

**AFFIDAVIT OF SERVICE**

STATE OF DELAWARE, COUNTY OF: NEW CASTLE Ss.:

The undersigned, being sworn, says: Deponent is not a party herein, is over 18 years of age and resides at Wilmington, DE

On 4/20/05 at 1:46 P.M., at NATIONAL REGISTERED AGENTS 9 E. LOOCKERMAN ST. DOVER, DE

deponent served the within:
- ☒ summons and complaint
- ☐ subpoena duces tecum
- ☐ citation
- ☐ summons
- ☐ with notice
- ☐ notice of petition and petition
- ☐ subpoena
- ☐ summons, Spanish summons and complaint, the language required by NYCRR 2900.2(e), (f) & (h) was set forth on on the face of the summons(es)

on **MARILYN MONROE, LLC**  ☒ defendant  ☐ witness  ☐ respondent  hereinafter called the recipient therein named.

**INDIVIDUAL 1.** ☐ by delivering a true copy of each to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**CORPORATION 2.** ☒ a DELAWARE corporation, by delivering thereat a true copy of each to JODY HARRINGTON personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be PROCESS AGENT thereof

**SUITABLE AGE PERSON 3.** ☐ by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy of each to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4 5A.** ☐ Deponent talked to ___ at said premises who stated that recipient ☐ lived ☐ worked there. Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at ___ and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4 5B.** ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to recipient at recipient's actual place of business, at ___ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**DESCRIPTION** ☒
- ☐ Male ☒ Female
- ☒ White Skin ☐ Black Skin ☐ Yellow Skin ☐ Brown Skin ☐ Red Skin
- ☒ Black Hair ☐ Brown Hair ☐ Blonde Hair ☐ Gray Hair ☐ Red Hair
- ☐ White Hair ☐ Balding ☐ Mustache ☐ Beard ☐ Glasses
- ☐ 14-20 Yrs. ☐ 21-35 Yrs. ☒ 36-50 Yrs. ☐ 51-65 Yrs. ☐ Over 65 Yrs.
- ☐ Under 5' ☐ 5'0"-5'3" ☒ 5'4"-5'8" ☐ 5'9"-6'0" ☐ Over 6'
- ☐ Under 100 Lbs. ☐ 100-130 Lbs. ☒ 131-160 Lbs. ☐ 161-200 Lbs. ☐ Over 200 Lbs.

Other identifying features:

**WITNESS FEES** ☐ $ ___ the authorizing traveling expenses and one days' witness fee:
- ☐ was paid (tendered) to the recipient
- ☐ was mailed to the witness with subpoena copy.

**MILITARY SERVICE** ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on 4/20/05

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Nov. 23, 2006

License No. ___

GRANVILLE MORRIS
BRANDYWINE PROCESS SERVERS, LTD
P O BOX 1360 WILMINGTON, DE
302-475-2600

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

__Southern__ DISTRICT OF __New York__

SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS

*Judge McMahon*

V.

CMG WORLDWIDE, INC., an Indiana
Corporation, and MARILYN MONROE, LLC, a
Delaware Limited Liability Company

SUMMONS IN A CIVIL CASE

CASE NUMBER:

**05 CV 3939**

TO: (Name and address of defendant)

CMG Worldwide, Inc.
10500 Crosspoint Blvd.
Indianapolis, IN 46256

Marilyn Monroe, Llc.
10500 Crosspoint Blvd.
Indianapolis, IN 46256

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Brian L. Greben (BG 1572)
David M. Marcus
143 Independence Avenue
Tappan, New York 10983
(917) 686-9465

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

(BY) DEPUTY CLERK

APR 19 2005
DATE