UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CMG WORLDWIDE, INC., and )
MARILYN MONROE, LLC, )
　)
Plaintiffs, )
　)
v. ) CASE NO 1:05-cv-0423-DFH-WTL
　)
BRADFORD LICENSING ASSOCIATES, )
THE SHAW FAMILY ARCHIVES, LTD, )
and JAMES E. DOUGHERTY, )
　)
Defendants. )

### AFFIDAVIT OF LARRY SHAW

After having first been duly sworn, Larry Shaw states:

1. I am an adult over the age of eighteen (18), have personal knowledge of the matters stated herein, and am competent to attest to such matters.

2. I am currently the chief executive officer of Shaw Family Archives, Ltd. ("SFA"). I have held this position since the creation of SFA on June 19th of 2002.

3. SFA is a Limited Liability Company formed under New York law, with its primary place of business located in New York.

4. SFA was created as part of the settlement of a lawsuit (the "Lawsuit") between my father Sam Shaw and me, relating to the ownership of photographs taken my Sam and myself (the "photographs"). The settlement agreement was entered into by myself and my sisters Meta Shaw Stevens and Edith Shaw Marcus, as executors of my father's estate. The lawsuit settlement created SFA; vested ownership of the photographs in SFA; and provided that I owned



a fifty percent (50%) interest in SFA and both my sisters owned twenty-five percent (25%) interests respectively.

5. SFA has never advertised or solicited business in Indiana through visits, telephone calls, written communications or otherwise

6. I personally visited Indiana on three occasions in the early 1990's for AAU wrestling meets, but I have never been to Indiana on any SFA business. Additionally, I am unaware of any SFA representative and/or agent having ever made any trip to Indiana on any SFA-related business.

7. SFA has no office, employees or agents located in the State of Indiana. There are no known records or incidents of any SFA employee ever being in Indiana on SFA-related business

8 SFA has never appeared in court in Indiana or invoked the protection or authority of Indiana's government for any purpose other than this action.

9 SFA has no governmental licenses in Indiana.

10. SFA has never entered into any contractual relationship with any resident or citizen of Indiana or any business entity with its primary place of business in Indiana. In fact, SFA has, since its creation, purposefully refused to conduct business in Indiana as part of its business strategy.

11. SFA maintains a passive worldwide web Internet site located at http://www.spc-promotions.com (the "Internet site"). SFA has a second affiliated Internet site located at http://www.samshaw.com (the "Sam Shaw site"). SFA does not accept orders or conduct business directly through either the Internet site or the Sam Shaw site. True and accurate paper

reproductions of the Shaw Family Archives' Internet site and the Sam Shaw site are attached hereto as Exhibits A and B respectively.

12. Currently, the SFA contains and owns photographs of Marilyn Monroe taken by Sam and/or myself (the "Marilyn Monroe Limited Edition Collection" images). These photographs and the right to market same were transferred to the SFA as part of the settlement agreement between the parties to the Lawsuit between myself and Sam Shaw's estate.

13. On or about February 14, 2004 SFA entered into an Image Licensing Agreement with Schani Krug/Valhalla Productions ("Valhalla"), a New Hampshire film production company with its principal place of business in New Hampshire (the "Image Agreement"). A true and accurate copy of the Image Agreement is attached hereto as Exhibit C. The Image Agreement was negotiated and entered into subject to SFA's policy of not conducting business in Indiana. It does not involve any action and/or business activity by SFA in Indiana.

14. The Image Agreement related to the use of SFA Marilyn Monroe Limited Edition Collection images in a film/video/DVD project pertaining to Marilyn Monroe's first husband, Jim Dougherty's, life story entitled "Marilyn's Man" (the "Project"). Pursuant to the Image Agreement, Valhalla, and its marketing agent Bradford Licensing, were entitled to use SFA Images solely in the Project and in the marketing, media and merchandising of the Project, so long as such marketing, media and merchandising were not done in Indiana.

15. Prior to the creation of SFA, Meta Shaw Stevens and Edith Shaw Marcus communicated with Mark Roesler, the president of CMG Worldwide, Inc. ("CMG"). CMG was reportedly interested in seeing and perhaps using images in Sam Shaw's collection of images. Additionally there was a meeting between Meta Shaw Stevens, Edith Shaw Marcus and Mr. Roesler in New York, New York in late 1999 or early 2000. These communications did not

relate to the transactions at issue in this lawsuit. Further, no contractual relationship developed from these communications. Finally, these communications were not conducted on behalf of SFA, which did not even exist as a legal entity at that time. In fact, at the time these conversations took place, the Lawsuit was ongoing between the different Shaw family members.

16. Meta Shaw Stevens had follow-up conversations with Mr. Roesler following the creation of SFA in early 2002. These conversations did not lead to any business and/or contractual relationship between SFA and CMG, and none of these conversations related to the transactions at issue in this lawsuit.

17. SFA has made no efforts to serve, directly or indirectly, the Indiana market for its services. In fact, SFA has specifically structured its business activities to avoid the privilege of conducting business in Indiana.

FURTHER AFFIANT SAITH NOT

I affirm, under the penalties for perjury, that the foregoing representations are true to the best of my knowledge.

Dated: MAY 25, 2005                              _Larry Shaw_

959162.1