UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., BRADFORD
LICENSING, INC., JAMES E. DOUGHERTY,
And VALHALLA PRODUCTIONS, LLC.

                        05 CV 3939 (CM)

        Plaintiffs/Consolidated Defendants,

                        **Honorable Colleen**
                        **McMahon**

    -against-

CMG WORLDWIDE, INC.,
and MARILYN MONROE, LLC.,

        Defendants/Consolidated Plaintiffs
------------------------------------------------------------x

## DECLARATION OF DAVID M. MARCUS

    David M. Marcus, pursuant to 28 U.S.C. §1746, declares as follows:

    1.    I am a partner with the firm of Marcus & Greben, attorneys for Plaintiff/Consolidated Defendant/Shaw Family Archives Ltd ("SFA"), Plaintiff Edith Marcus, Plaintiff Meta Stevens and Consolidated Defendant Bradford Licensing, Inc. ("Bradford"). I respectfully submit this declaration on behalf of SFA in opposition to the Motion for Summary Judgment by Marilyn Monroe, LLC ("MMLLC") on Count II against SFA and on behalf of SFA and Bradford in support of their Cross-Motion for Summary Judgment dismissing MMLLC and CMG's Count II.

    2.    A true and accurate copy of the Amended Complaint of SFA, Edith Marcus and Meta Stevens filed on May 10, 2005, in the Southern District of New York, case no. 05 CV 3939 (CM), is attached hereto as Exhibit A.

    3.    A true and accurate copy of the Answer, Affirmative Defenses and Cross Claims of SFA and Bradford dated July 5, 2006 is annexed hereto as Exhibit B.

4.  A true and accurate copy of MMLLC's Rule 26(a)(1) Initial Disclosures is annexed hereto as Exhibit C.

5.  A true and accurate copy of SFA and Bradford's Consolidated First Demand For Production of Documents dated October 8, 2006, and mailed on November 6, 2006, is annexed hereto as Exhibit D. SFA and Bradford have not yet received a response to said discovery demand and depositions have not yet been held. Neither MMLLC or CMG have served SFA and Bradford with any discovery demands.

6.  A true and accurate copy of a letter from this firm to the Court, dated August 3, 2006, seeking a discovery extension so that the parties could hold settlement discussions, is annexed hereto as Exhibit E.

7.  A true and accurate copy of Aaron Frosch's Notice of Probate of Marilyn Monroe's will filed with New York County Surrogates Court on October 26, 1962. is annexed hereto as Exhibit F. Marilyn Monroe is set forth as "late of the City of New York, County of New York and State of New York...."

8.  A true and accurate copy of Aaron Frosch's Petition for Designation of Appraiser dated July 27, 1964, setting forth Marilyn Monroe to have been a resident of New York, residing at 444 East 57th Street, New York, New York, is annexed hereto as Exhibit G.

9.  A true and accurate copy of Aaron Frosch's filing, dated July 31, 1964, to New York State Surrogates Court, setting forth various schedules to determine the assets and debts of Marilyn Monroe's Estate, is annexed hereto as Exhibit H.

10. A true and accurate copy of an Order of the Surrogates Court, New York County, dated January 20, 1970, fixing the Estate of Marilyn Monroe's New York State tax liability at $17,698.42, is annexed hereto as Exhibit I.

11. A true and accurate copy of the Decision/Order of the State Board of Equalization of the State of California decision dated April 22,, 1975, is annexed hereto as Exhibit J.

12. A true and accurate copy of a transcript of Aaron Frosch, taken in the matter of *Frosch v. Grosset & Dunlap*, Index No. 01527/75, on August 7, 1975, is annexed hereto as Exhibit K. (Said transcript is of poor quality as the document was copied from microfilm).

13. A true and accurate copy of an affidavit of Aaron Frosch, in a matter before the Surrogates Court commenced by Tom Kelley to retrieve his photographs and transparencies in the possession of the Estate, dated December of 1972 is annexed hereto as Exhibit L. In said affidavit, Mr. Frosch states "[I] recognize that the decedent has no rights of privacy and her Estate has no exclusive right to her image."

14. A true and accurate copy of a Verified Petition Pursuant to SCPA §2107 for Advice and Direction wherein Anna Strasberg states that "[A}t the time of her death, she [Marilyn Monroe] was a resident of the county of New York, and State of New York.", is annexed hereto as Exhibit M.

15. A true and accurate copy of a Verified Petition Pursuant to SCPA for Discovery of Books, Records and memoranda Withheld by Anna Strasberg, Administratrix of the Estate of Marilyn Monroe is annexed hereto as Exhibit N. Ms.

Strasberg states that at the time of her death, Marilyn Monroe was a resident of the State of New York.

16. A true and accurate copy of a CNN.com article regarding Christie's 1999 auction of Marilyn Monroe personal items from the Estate of Marilyn Monroe is annexed hereto as Exhibit O.

17. A true and accurate copy of an online release regarding Julien's Auctions auction of Marilyn Monroe personal items from the Estate of Marilyn Monroe in June of 2005 is annexed hereto as Exhibit P.

18. A true and accurate copy of a document entitled Internal Revenue Service Publication 555 is annexed hereto as Exhibit Q.

19. A true and accurate copy of Publication 80 from the New York State Department of Taxation and Finance is annexed hereto as Exhibit R.

20 A true and accurate copy of a transcript of a Monitor Beacon Radio Recording from an interview by Dave Garroway of Marilyn Monroe, on June 12, 1955, is annexed hereto as Exhibit S. Judicial Notice should be taken of this interview.

21. A true and accurate copy of a letter from Marilyn Monroe Productions, Inc. dated March 29, 1962 to 20th Century Fox on letter head giving the company's address as 444 East 57th Street, New York, New York, is annexed hereto as Exhibit T.

22. A true and accurate copy of a catalog from Julien's Auctions for the auction of property from the Estate of Marilyn Monroe is annexed hereto as Exhibit U. This catalog contains copies of bank books, a Screen Actors Guild Card from 1961, various receipts and bank deposits, checkbooks, letterhead, a letter and a New York State dog license.

23. A true and accurate copy of a document entitled Designation of Marilyn Monroe, Resident of the State of New York, is annexed hereto as Exhibit V.

24. The alleged sale of a-shirt in a Target store in Indiana on September 6, 2006, by Tracy Betz (See the Declaration of Tracy Betz at ¶ 2, to the instant motion) was not alleged in the Second Amended Complaint of MMLLC and CMG. (See the Declaration of Michelle M. Craven at ¶ 2 and Exhibit A, to the instant motion.)

25. Judicial Notice should be taken that the Appellate Division, First Department previously ruled that the Estate of Marilyn does not own a right of publicity and/or right of privacy in the name, likeness and image of Marilyn Monroe. See *Frosch v. Grosset & Dunlap*, 75 A.D.2d 768 (N.Y.App.Div. 1980).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 29th day of November 2006, in New York, New York.

David M. Marcus