Proceedings

JHO EVANS: You're wasting time.

MR. MARINO: Your Honor, should we have an allocution?

JHO EVANS: We will, as soon as Mr. Rudes sits down.

First I will ask all counsel, have you all heard the stipulation?

MR. MARINO: Yes, we have.

MR. RUBIN: Yes.

MR. RUDES: Yes.

MR. GREENAWALT: Yes.

JHO EVANS: Do you individually agree with that?

MR GREENAWALT: Yes.

MR. RUBIN: Yes.

MR. MARINO: Yes.

MR. RUDES: Yes.

JHO EVANS: Do you agree with that on behalf of your clients?

MR. RUBIN: One other thing. My understanding is that this stipulation settles this lawsuit in its entirety.

MR. MARINO: Excuse me. Are you referring to the pending motion?

MR. RUBIN: In its entirety.

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

MR. MARINO: That is our motion.

MR. RUBIN: In its entirety and --

MR. MARINO: No, not a chance.

MR. RUBIN: And is therefore discontinued with prejudice after we allocute to the stipulation.

MR. MARINO: Your Honor, there is not a chance in hell of Mr. Tunick and I withdrawing the pending motion. We would be happy, happy to try to resolve it amicably, but it's not going to be withdrawn. This is not Larry's motion; it is our motion.

JHO EVANS: All right. Aside from that, do you agree with the stipulation, aside from that one question?

MR. RUBIN: Right. But my understanding is that this will discontinue the lawsuit with prejudice.

JHO EVANS: Aside from that.

MR. RUBIN: As far as this.

JHO EVANS: Aside from the motion, aside from that question, do you agree with the stipulation?

MR. RUBIN: Yes, if it discontinues the lawsuit with prejudice.

JHO EVANS: Aside from that question, do you

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

agree with that?

MR. RUBIN: Yes.

MR GREENAWALT: My understanding was that it did away with the motion. That was never raised that this was going to be continued.

JHO EVANS: Aside from that, do you agree with the stipulation?

MR. RUBIN: Aside from that. I agree with it.

JHO EVANS: Mr. Greenawalt, do you agree with that, aside from that one question?

MR GREENAWALT: That's a major question, "aside from that," I can't agree to it if that's what's going to continue.

MR. RUBIN: Aside from that.

MR. RUDES: He said aside from that.

MR. GREENAWALT: Again aside from that, the terms are okay, but I was sure --

JHO EVANS: That's what I was asking you.

Aside from that, Mr. Larry Shaw, do you further stipulate, aside from that one question, do you agree with the stipulation?

MR. LARRY SHAW: Yes, your Honor, I do.

JHO EVANS: Have you been advised by your attorneys with respect to that?

MR. LARRY SHAW: By my attorneys I've been

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

advised, I argued at length and I have agreed.

JHO EVANS: Now, I'll ask Edith Marcus, have you heard the terms of the stipulation?

MS. SHAW MARCUS: Yes.

JHO EVANS: Have you discussed it with your lawyers?

MS. SHAW MARCUS: Yes.

JHO EVANS: And having discussed it and being advised of the terms, do you agree with it with the exception of this one question that's just been raised?

MS. SHAW MARCUS: Yes.

JHO EVANS: Ms. Stevens, have you heard the terms of the stipulation?

MS. SHAW STEVENS: Yes.

JHO EVANS: Have you discussed it with your lawyers?

MS. SHAW STEVENS: Yes.

JHO EVANS: Aside from this one question that's been raised, do you agree with it?

MS. SHAW STEVENS: Yes.

JHO EVANS: I'm going to ask Mr. Marcus, you're not formally a party but you're actually a party. You heard the terms of the stipulation. Have you discussed it with yours lawyers?

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

MR. MARCUS: Yes, your Honor.

JHO EVANS: Do you agree with them?

MR. MARCUS: Yes.

JHO EVANS: Except for this one point.

Now we have one point of dispute. There's another question that I will raise in a few minutes. I think it will be advisable for you talk about, maybe as you suggested -- it's too late today to continue with the hearing -- some amicable settlement. We'll continue again on Monday.

The other question in my mind is this. Before me, to which I have taken evidence, is about 9,800 photographs. There are maybe a hundred thousand or whatever it was that the receiver has, and I take it there may be a dispute as to who owns or who should be attributable to those photographs. I haven't heard any evidence with respect to them and I'm really not in a position to make that decision as to those. I can't say they can be attributed to one or another.

How do you want to handle that?

MR. MARINO: Your Honor, I would suggest that since you can't make a determination on those, that we go back to my original suggestion, which was if the parties can't agree, that the image itself will be termed "an image owned by the Shaw Family Archive,"

DEBRA SALZMAN, RMR, Official Court Reporter

```
                    Proceedings
 1
 2   and unless the parties can agree on an attribution --
 3          JHO EVANS: The question is, they will be
 4   owned by the Shaw Family Archives.
 5          MR. MARINO: The specific authorship.
 6          JHO EVANS: The question is one of
 7   attribution.
 8          MR. MARINO: Your Honor, there doesn't have
 9   to be a specific attribution to every photograph. It
10   can still be marketed.
11          MR. GREENAWALT: Your Honor, one of the
12   points about that hundred thousand or 75,000 pictures
13   is that there are many overlaps with the 9,800.
14          JHO EVANS: That doesn't make any
15   difference. If I decide the 9,800, there may be
16   others that are not.
17          MR GREENAWALT: These are all taken --
18          JHO EVANS: Obviously if I decide Picture A
19   is attributed to John Jones, a copy of Picture A is
20   attributable to John Jones. It's pretty clear. There
21   were others that are not.
22          MR GREENAWALT: I understand, but we have,
23   obviously, as have you, not heard any evidence.
24          JHO EVANS: That matter was never before
25   me.
26          MR. GREENAWALT: I know you ruled that,
```

DEBRA SALZMAN, RMR, Official Court Reporter

1                    Proceedings
2   that's right. There are also, by the way, your Honor,
3   some pictures that have been turned into the receiver.
4        JHO EVANS: Without arguing the point, the
5   question is how to handle it.
6        MR GREENAWALT: I'm mentioning the pictures
7   that have been turned into the receiver. We're just
8   about to make a motion to get those considered by your
9   Honor.
10       JHO EVANS: To get what?
11       MR GREENAWALT: Mr. Darius and Larry Shaw
12  turned over to the receiver in the spring of 2001 --
13       JHO EVANS: He has them, the receiver has
14  them.
15       MR GREENAWALT: Those need to be decided
16  upon also, your Honor. There's a much less number of
17  those, only about, say, 250 of those but they're
18  important ones. We need to have those decided too.
19       JHO EVANS: The question of the
20  attribution.
21       MR GREENAWALT: Yes, a lot of those, a lot
22  of those Larry Shaw has also by a document attributed
23  them to Sam Shaw, but we need to have those decided as
24  well.
25       JHO EVANS: Can we continue this on Monday?
26       MR. RUBIN: I can't be here on Monday.

DEBRA SALZMAN, RMR, Official Court Reporter

```
 1                        Proceedings
 2         JHO EVANS:  You have able counsel to take
 3    over for you.
 4         (Proceedings adjourned to June 9, 2002.)
 5              *     *     *     *
 6         The foregoing is hereby certified to be a
 7    true and correct transcript of the proceedings held in
 8    this matter.
 9
10
11                    _____
12                    DEBRA SALZMAN, RMR
13                    Senior Court Reporter
```

DEBRA SALZMAN, RMR, Official Court Reporter