**Exhibit I**

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of __Indiana__

CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC,
a Delaware Limited Liability Company

V.

BRADFORD LICENSING ASSOCIATES,
THE SHAW FAMILY ARCHIVES, LTD., a
New York Corporation, and
JAMES E. DOUGHERTY

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

1:05-cv-0423-DFH-WTL

TO: (Name and address of Defendant)

Shaw Family Archives, Ltd.
c/o David Marcus, Esq.
199 Main Street, Suite 101M
White Plains, New York 10601

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jonathan G. Polak
Dann Pecar Newman & Kleiman
One American Square, Suite 2300, Box 82008
Indianapolis, IN 46282

an answer to the complaint which is served on you with this summons, within ___23___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_[signature]_
CLERK

MAR 2 3 2005
DATE

CLERK
_[signature]_
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CMG WORLDWIDE, INC., an Indiana Corporation and MARILYN MONROE, LLC, a Delaware Limited Liability Company, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Cause No.: _____ |
| ) ) | |
| BRADFORD LICENSING ASSOCIATES, THE SHAW FAMILY ARCHIVES, Ltd., a New York Corporation, and JAMES E. DOUGHERTY, ) ) ) ) ) | 1:05-cv-0423-DFH-WTL |
| Defendants. ) ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs CMG Worldwide, Inc. ("CMG"), and Marilyn Monroe, LLC, by counsel, and for their Complaint for Damages and Injunctive Relief allege as follows:

1. Plaintiff CMG is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana.

2. Plaintiff Marilyn Monroe LLC is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business in Indiana through CMG, its exclusive licensing and business representative.

3. Over the last twenty-five years, CMG has been in the business of representing certain famous individuals or the heirs, families, estates or business enterprises of deceased famous individuals ("CMG Clients") for the purpose of licensing to third parties the limited permission to commercially utilize the Intellectual Property rights belonging to said famous individuals or his or her heirs, families, estate, or business enterprise. These Intellectual Property

rights, both common law and statutory, typically include, but are not limited to, the name, image, likeness, voice, persona, and other identifying elements of a famous individual, commonly known as the Right of Publicity, as well as all common law and Federally registered trademarks and other Intellectual Property interests which may be associated with the persona of a famous personality.

4. CMG has secured the right to manage and exploit the Intellectual Property interests of many of the properties and personalities considered to be among the most prestigious and valuable in the celebrity licensing industry, including, but not limited to, Marilyn Monroe, James Dean, Sophia Loren, Babe Ruth, Jackie Robinson, Buddy Holly, Ella Fitzgerald, Chuck Berry, and many others. As part of its enumerated duties on behalf of its clients, CMG advertises, markets, and promotes the availability of its clients for licensing on a worldwide basis.

5. CMG typically requires, as a material component to providing these services for its clients, that its clients grant CMG the exclusive, worldwide right to protect and promote a given client for purposes of licensing, commercial campaigns, and other opportunities. Because of this prerequisite, there can be no entity other than CMG with the authority to represent in a licensing context the Intellectual Property rights of a CMG client.

6. Through CMG's efforts to manage and exploit the intellectual property rights of its clients, CMG generates income for its clients and operating revenue for itself. CMG has various methods for promoting and pursuing commercial opportunities on behalf of its clients, which have been developed, honed, stylized, and refined by experience and success in the industry. As such, CMG, as well its clients, have developed considerable goodwill within the

industry with companies such as leading advertising agencies and manufacturers throughout the world with whom CMG conducts regular and ongoing business.

7. Marilyn Monroe, LLC, is the proprietor of various Intellectual Property rights, including certain trademarks, the rights of association and sponsorship and Right of Publicity and Privacy in and to the Marilyn Monroe name, image, and persona (hereinafter "Monroe Intellectual Property Rights"). Marilyn Monroe, LLC, and CMG have systematically and continuously invested considerable time, energy, and financial resources over the span of many years in developing critical and lucrative business relationships with licensees through the strategic management of the Monroe Intellectual Property Rights.

8. Upon information and belief, Defendant Bradford Licensing Associates ("Bradford") is a business entity organized and existing pursuant to the laws of the State of New Jersey.

9. Upon information and belief, Defendant Shaw Family Archives, Ltd. ("Shaw"), is a business entity organized and existing pursuant to the laws of the State of New York.

10. Upon information and belief, Defendant James E. Dougherty is an individual and a citizen of the State of Maine.

11. Upon information and belief, Bradford's business and commercial endeavors include activities conducted on behalf of Shaw and Dougherty for the benefit of all Defendants.

12. Bradford is in the business of offering, marketing, and advertising to the public, on a worldwide basis, licensing services featuring various consumer brands and properties.

13. Upon information and belief, Bradford represents certain third parties who allegedly own certain copyright interests in photographs of Marilyn Monroe *via* Shaw and Dougherty and who have produced an unauthorized film documentary of Marilyn Monroe

entitled "Marilyn's Man." However, even if a copyright interest in those photographs can be established as valid and enforceable, such an interest does not confer an unfettered right to use an aspect of a person's personality rights of publicity in connection with a product, merchandise, goods, services, commercial activity, advertisement, and/or solicitation. I.C. § 32-36-1-1 *et seq.*

14. Bradford has engaged, and continues to engage, in unlawful and unauthorized use of the Monroe Intellectual Property Rights. See Exhibit A

15. Bradford owns and operates a website through which it communicates the false impression to the public that it has the full authority to license the use of the Monroe Intellectual Property Rights for commercial purposes. In addition, Bradford's website contains intentionally misleading and false demonstrations which directly undermine CMG's business and business methodology. See Exhibit B.

16. Bradford has also engaged in specific communications with existing business partners of Plaintiffs, advising those entities that Plaintiffs do not have enforceable interests in the Monroe Intellectual Property Rights.

17. Defendants have intentionally solicited a number of existing licensees of Plaintiffs to enter into the unlawful and unauthorized requests for the use of the Monroe Intellectual Property Rights. In each case, upon information and belief Bradford, individually and as the agent of Shaw and Dougherty, falsely represented that Defendants possess the authority to license the use of the Monroe Intellectual Property Rights and falsely represented that permission from Plaintiffs was an unnecessary burden to current and potential licensees. As such, Defendants' solicitations contain intentionally misleading and false representations which directly undermine Plaintiffs' commercial activities, well-established goodwill, and reputation in

4

the celebrity licensing industry. These actions have caused confusion in the marketplace concerning Plaintiff's legitimate rights.

18.  Upon information and belief, Bradford is contacting Plaintiffs' licensees and potential licensees and is making representations similar to the following:

> *The Jim Dougherty and Norma Jeane Limited Edition Collection* and *The Shaw Limited Edition Marilyn/Norma Jeane Collection* licensing programs provide licensees **with a world known brand that will feature merchandise drawn upon the beauty and timelessness of Marilyn.**

(emphasis added). In so doing, Defendants are not just attempting to capitalize on their alleged copyrights, but also to trade illegally and without authority on the Marilyn Monroe brand and on the Monroe Intellectual Property Rights.

19.  Upon information and belief, Bradford, individually and as agent for Shaw and Dougherty, has been appearing at tradeshows at which it has prominently displayed Marilyn Monroe's name, identity, persona, and image without permission, consent, or license from Plaintiffs and which has generated press coverage concerning its ability to license the Monroe Intellectual Property Rights. As a result, Defendants have caused and are causing extensive confusion in the marketplace, are usurping valuable business opportunities belonging to Plaintiffs, and are further explicitly advising existing or potential business partners of Plaintiffs that a license from Plaintiffs is not required when those existing or potential business partners secure a license from one or more Defendants.

20.  Bradford, individually and on behalf of Shaw and Dougherty, has been seeking out and securing various licensing arrangements concerning the Monroe Intellectual Property Rights on a systematic and extensive basis which directly implicates and undermines the rights of publicity owned and administered by Plaintiffs.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction because this suit involves a federal question. 28 U.S.C. § 1331; 28 U.S.C. § 1338. The Defendants are also completely diverse and the amount in controversy exceeds $75,000.00.

22. This Court has personal jurisdiction based on Defendants' systematic contacts with Indiana and through the various damages caused to Plaintiffs in Indiana as a result of Defendants' conduct. Defendants have conducted business in Indiana through catalogue solicitations to retail establishments and through the availability of their products in the State of Indiana. See Exhibit A. In conducting this business in Indiana, Defendants have caused injury by an act and series of acts performed in Indiana. In addition, Defendants have caused injury in Indiana resulting from acts done outside of Indiana through Defendants' conducting and soliciting business in Indiana and by deriving substantial benefit from goods, services, and information rendered in Indiana, including transporting or causing to be transported into Indiana goods, merchandise, or other materials created or used in violation of Plaintiffs' interest in the Monroe Intellectual Property Rights. I.C. 32-36-1-9. Finally, Defendants have caused advertising or promotional material created or used in violation of Plaintiffs' interest in the Monroe Intellectual Property Rights to be published, distributed, exhibited, or disseminated within Indiana. Id.

23. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b).

## COUNT I

## VIOLATION OF RIGHTS OF PUBLICITY

24. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through twenty-three (23) as if fully re-stated herein.

25. Defendants are using and have used the Monroe Intellectual Property Rights without authorization or prior consent from Plaintiffs for a commercial purpose, in that Defendants are using and have used the Monroe Intellectual Property Rights on or in connection with a product, merchandise, goods, services, or commercial activities and are using or have used the Monroe Intellectual Property Rights for advertising or soliciting purchases of products, merchandise, goods, services, or for promoting a commercial activities. Defendants' conduct has been intentional.

26. As a result of Defendants' unauthorized use of the Monroe Intellectual Property Rights for a commercial purpose, Defendants have violated and are violating the Plaintiffs' rights to and interest in the Monroe Intellectual Property Rights protected by the Indiana Right of Publicity statute. I.C. 32-36-1-1 *et seq*, and other applicable right of publicity laws.

27. As a result of Defendants' past and continued violations of Plaintiffs' rights to and interest in the Monroe Intellectual Property Rights, Plaintiffs have suffered damages, including actual damages (including profits which Defendants have derived from the unauthorized use), treble or punitive damages, attorneys' fees, and costs of suit. Moreover, Plaintiffs are entitled to a turnover of all infringing goods and merchandise currently possessed by Defendants.

## COUNT II

### VIOLATIONS OF THE INDIANA CRIME VICTIMS ACT

28. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through twenty-seven (27) as if fully re-stated herein.

29. Defendants' unlawful acts complained of herein constitute violations of the Indiana Crime Victims Act. I.C. 34-24-3-1.

30. Defendants have violated I.C. 35-43 in the following particulars:

    a. For "Criminal Mischief" as expressed in I.C. 35-43-1-2;

    b. For "Conversion" as expressed in I.C. 35-43-4-3;

    c. For "Deception" as expressed in I.C. 35-43-5-3(a) (6) and (9).

31. Plaintiffs seek such damages, attorneys' fees, costs, treble and/or punitive damages for same as permitted by statute or otherwise at law.

## COUNT III

## UNFAIR COMPETITION

32. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through thirty-one (31) as if fully re-stated herein.

33. Defendants' unlawful and unauthorized acts, as set forth above, constitute a violation of Plaintiffs' interest in and rights to the Monroe Intellectual Property Rights, at common law, and further constitute unfair competition.

34. As a result of Defendants' unfair competition, Plaintiffs have suffered damages.

35. Plaintiffs seek such damages, attorneys' fees, costs, treble and/or punitive damages for same as permitted by statute or otherwise at law.

## COUNT IV

## TRADE LIBEL/DISPARAGEMENT

36. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through thirty-five (35) as if fully re-stated herein.

37. CMG is established as the premier company for representing celebrities and for marketing and licensing intellectual property rights for clients throughout the United States and worldwide.

38. CMG has generated substantial goodwill with its clients, with advertisers, and within the industry.

39. By representing, promoting, and informing CMG's licensees and potential licensees that Plaintiffs have no rights in the Monroe Intellectual Property Rights before marketing, promoting, and selling goods and services which infringe upon the Monroe Intellectual Property Rights, Defendants have libeled, slandered, and otherwise disparaged and defamed, for their own commercial advantage, CMG and Marilyn Monroe, LLC, and have caused them to lose reputation, goodwill and standing in the marketplace. Further, such statements have been defamatory, *per se*, and made with malice.

## COUNT V

### INTERFERENCE WITH BUSINESS ADVANTAGE AND POTENTIAL BUSINESS ADVANTAGE

40. Plaintiffs reassert and re-allege the allegations set forth in paragraphs (1) through thirty-nine (39) as if fully re-stated herein.

41. Defendants are aware and otherwise have knowledge of Plaintiffs' business relationship with Plaintiffs' licensees.

42. By representing, promoting, and informing CMG's licensees and potential licensees that Plaintiffs have no rights in the Monroe Intellectual Property Rights before marketing, promoting, and selling goods and services that infringe upon the Monroe Intellectual Property Rights, Defendants have intentionally and illegally interfered with Plaintiffs' business relationships with their licensees.

43. Defendants' actions in interfering with Plaintiffs' business relationships are without justification.

44. As a result of Defendants' unjustified and illegal interference with Plaintiffs' business relationships with their licensees, Plaintiffs have suffered damages.

## COUNT VI

### DECLARATION AS TO DOUGHERTY'S COPYRIGHTS IN THE DOUGHERTY COLLECTION

45. Plaintiffs reassert and re-allege the allegations set forth in paragraphs (1) through forty-four (44) as if fully re-stated herein.

46. Defendant Dougherty has asserted, either by itself or through Bradford, that it possesses valid and enforceable copyrights, pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*, in each and every photograph that constitutes the *The Jim Dougherty and Norma Jeane Limited Edition Collection* (hereinafter the "Dougherty Collection").

47. Upon information and belief, Dougherty does not possess a valid and enforceable copyright in one or more photographs that comprises the Dougherty Collection

48. Without possessing a valid and enforceable copyright in one or more photographs included in the Dougherty Collection, Dougherty, individually and through Bradford, possesses no interest and/or right in those unprotected photographs in the Dougherty Collection, those photographs become part of the public domain, and Dougherty, Bradford and all other persons would need the prior permission and consent from Plaintiffs to use those photographs for a commercial purpose.

## COUNT VII

### DECLARATION AS TO SHAW'S COPYRIGHTS IN SHAW COLLECTION

49. Plaintiffs reassert and re-allege the allegations set forth in paragraphs (1) through forty-eight (48) as if fully re-stated herein.