Orin Snyder (OS-3122)
Michelle Craven (MC-8556)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035

Attorneys for Defendant Marilyn Monroe, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
SHAW FAMILY ARCHIVES, LTD., BRADFORD
LICENSING, INC., JAMES E. DOUGHERTY, and
VALHALLA PRODUCTIONS, LLC.

    Plaintiffs/Consolidated Defendants,

v.

CMG WORLDWIDE, INC. and MARILYN
MONROE, LLC,

    Defendants/Consolidated Plaintiffs.
------------------------------------------------- x

05 CV 3939 (CM)

**DEFENDANT'S/CONSOLIDATED PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Defendant/Consolidated Plaintiff Marilyn Monroe, LLC ("MMLLC"), by and through counsel and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, hereby submits these initial disclosures. MMLLC reserves the right to amend and supplement these initial disclosures to include information obtained through the course of further investigation, and MMLLC is are not waiving any claim of privilege or immunity, including, but not limited to, work product protection.

A.    WITNESSES

Based on the information of which MMLLC is now aware, the following individuals are likely to have discoverable information that MMLLC may use to support its claims or defenses:

- Corporate representative of CMG Worldwide, Inc., including but not limited to: Mark Roesler, Jonathan Faber, Cristina Piquinela, and Dominic Lizama. They can be reached through counsel, c/o Jonathan Polak, Esq., Sommer & Barnard P.C., One Indiana Square, Suite 3500, Indianapolis, IN 46204, (317) 713-3500.
- Corporate representative of Marilyn Monroe, LLC, as well as any of the following persons: Anna Strasberg. Ms. Strasberg can be reached through counsel, c/o Orin Snyder, Esq., Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, NY 10166, (212) 351-4000.
- Corporate representative of the Lee Strasberg Institute.
- Corporate representative of Bradford Licensing, Inc. Known to Plaintiffs.
- Larry Shaw. Known to Plaintiffs.
- Edith Marcus. Known to Plaintiffs.
- Meta Stevens. Known to Plaintiffs.
- Corporate representative of Valhalla Productions, LLC. Known to Plaintiffs.
- Graphique de France, 9 State Street, Woburn, MA 01801, including but not limited to: Laura White, Nick Debrule.
- Bradford Exchanges, 9333 N. Milwaukee Ave., Nile, IL 60714, including but not limited to: Clara Meadows, Kelly Ann Colgan.
- Cliff Kaplan, formerly with Quark, Inc., 1800 Grant Street, Denver, CO 80203.
- Corporate representative of Franklin Mint (Aston, PA), including but not limited to: Howard Lucker, Lori O'Leary.
- Corporate representative of Pinder Lane (New York, NY), including but not limited to: Bob Thixton.

- Corporate representative of BBDO New York (New York, NY), including but not limited to: Jennifer Barbagello.
- Corporate representative of Playing Mantis (Mishawaka, IN), including but not limited to: Thomas Lowe, Richard Snyder, Amy Curl.
- Corporate representative of Salton Maxim (Mt. Prospect, IL), including but not limited to: William Rue, Leon Dreimann.
- Corporate representative of Corbis (Seattle, WA), including but not limited to: Dave Green.

B. **DOCUMENTS**

MMLLC will produce non-privileged documents and any other materials in its possession, custody or control, after such documents and materials have been assembled, that it may use to support its claims or defenses, including, but not limited to:

- Documents and any other materials relating to MMLLC's ownership of the Monroe Intellectual Property Rights;
- Documents relating to CMG's right to license the Monroe Intellectual Property Rights;
- Documents relating to Marilyn Monroe's domicile at the time of her death;
- Documents related to Plaintiffs' and Consolidated Defendants' infringement of Defendants' copyrights; and
- Documents related to damages to Defendants.

Many of these documents are located in the CMG offices in Indianapolis, Indiana.

In addition, MMLLC incorporates by reference all documents and any other materials disclosed by Plaintiffs in their initial disclosures as supplemented and/or referenced in the

pleadings. MMLLC expects that it will support its claims or defenses with documents and any other materials disclosed by Plaintiffs in their initial disclosures, as well as with documents and any other materials produced in response to document requests that MMLLC will propound in this action. MMLLC also expects that it will support its claims or defenses with documents produced by non-party individuals or entities in response to document subpoenas that MMLLC will propound in this action.

C.  DAMAGES

MMLLC's damages are not yet ascertainable and continue to accrue and accumulate. MMLLC will provide this information as it becomes available.

D.  INSURANCE

MMLLC is not aware of any insurance policies relevant to this action.

Dated: New York, New York
       June 30, 2006

*[signature]*
Orin Snyder (OS-3122)
Michelle Craven (MC-8556)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035

Attorneys for Defendant Marilyn Monroe, LLC

4

Thursday, August 03, 2006 12:06 AM    Marcus & Greben (516) 829-0006    p.02

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

RECEIVED
AUG - 3 2006
CHAMBERS OF
COLLEEN McMAHON

# MARCUS & GREBEN
## ATTORNEYS AT LAW

BRIAN L. GREBEN
PARTNER

TEL: 646.536.7602
     917.612.0486
FAX: 516.829.0006

1650 BROADWAY, SUITE 707
NEW YORK, NEW YORK 10019

EMAIL: brian@marcusandgreben.com

August 2, 2006

> 8/3/06
> I am DELIGHTED to endorse this very sensible and hopeful proposal

VIA FACSIMILE ONLY
(914) 390-4152
Hon. Judge Colleen McMahon
United States District Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:  Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al.
     CMG Worldwide, Inc., et al. v. Bradford Licensing Associates, et al.
     Docket No: 05 cv. 3939

**MEMO ENDORSED**

Dear Judge McMahon:

This letter is respectfully submitted by plaintiff but is made on behalf, and with the consent, of all parties in this case. Since the last court conference, the parties have been engaged in serious settlement discussions. From the outset of this case, the parties have sought to achieve, and optimistically continue to work toward achieving, a business resolution of this dispute in an effort to avoid burdening the Court with prolonged and expensive litigation. Recently, we voluntarily agreed to engage in mediation in the hope that we can resolve the matter without the need for further and protracted discovery and motion practice, and are now jointly seeking a mediator through JAMS. We expect to begin the mediation process in earnest in August or, at the very latest, early September (depending on the availability of the mediator). Because we have been focused on settlement talks, we have not been aggressively pursuing discovery, so that resources – both in terms of time and money – can be conserved with an eye toward a potential settlement. It is our joint belief that the commencement of depositions across the country -- and the inevitable discovery motions that would follow – would undermine the settlement process and squander scarce resources. Under these circumstances, we respectfully submit that an extension of the October 27, 2006 discovery deadline would serve the interests of justice and an efficient resolution of this matter.

Specifically, the parties believe that, given an extension of the discovery deadline, the parties would be more likely to engage in productive settlement negotiations that would best position this case for settlement through further mediation. Accordingly, all of the parties believe that an extension of the current timetable set forth in the Court's Civil Case Management Plan would be in the interest of the parties and the interests of justice. Please note that this request is being made jointly by all parties and is the first request for an extension of the discovery deadline.

Hon. Judge Colleen McMahon
August 2, 2006
-2-

    The parties are mindful of the Court's legitimate interest in ensuring that discovery is conducted in an efficient and responsible manner, and we do not make this application lightly. Instead, we hope that, following a brief standstill of discovery activity, we will be in a position to report favorably to the Court regarding the outcome of our settlement discussions.

    The Court's Scheduling and Case Management Order, dated May 29, 2006, as well as the Order issued by Judge Mark Fox on July 6, 2006, set forth in part the following schedule:

- September 15, 2006 – Expert reports due
- September 29, 2006 – Rebuttal reports due
- October 27, 2006 – close of all fact and expert discovery
- November 30, 2006 – joint pre-trial order due

We respectfully request that the pretrial and trial dates be continued as follows:

- January 15, 2007 – Expert reports due
- January 29, 2007 – Rebuttal reports due
- February 27, 2007 – close of all fact and expert discovery
- March 30, 2007 – joint pre-trial order due

    Shaw Family Archives, Ltd. ("SFA") and Bradford Licensing Associates ("Bradford") would also like to draw your attention to their cross claims for contribution and indemnification. The cross claims are against Valhalla Productions, LLC. ("Valhalla"), one of the defendants named in CMG Worldwide, Inc. ("CMG") and Marilyn Monroe, LLC's ("MMLLC") complaint. SFA and Bradford did not know whether Valhalla had been served at the time their cross claims were drafted. We have subsequently learned that Valhalla has not been served. SFA and Bradford would be happy to serve a third party complaint upon Valhalla if the parties do not settle, but we require your permission to serve after the additional party joinder deadline of July 7, 2006. Please be advised that CMG and MMLLC have consented to SFA and Bradford serving a third party complaint upon Valhalla if the matter is not settled or resolved in mediation.

    We thank the Court for its kind consideration.

Respectfully submitted,

Brian E. Greben (BG 1572)

cc:  Orin Snyder
     Gibson, Dunn & Crutcher, LLP

     Jonathan G. Polak
     Sommer Barnard PC