UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SHAW FAMILY ARCHIVES, LTD.,
BRADFORD LICENSING, INC.,
JAMES E. DOUGHERTY, and
VALHALLA PRODUCTIONS, LLC,

            Plaintiffs,

   v.

CMG WORLDWIDE, INC. and MARILYN
MONROE, LLC,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 CV 3939 (CM)

### DEFENDANTS'/CONSOLIDATED PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES PURSUANT TO THE INDIANA RIGHT OF PUBLICITY STATUTE

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for Defendant/Consolidated
Plaintiff Marilyn Monroe LLC


SOMMER BARNARD PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
Telephone: (317) 713-3500
Facsimile: (317) 713-3699

Attorneys for Defendant/Consolidated
Plaintiff CMG Worldwide, Inc.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.  Plaintiffs' Motion For Fees, Expenses and Costs Is Premature And Defective Under Rule 54 and Local Civil Rule 54.1 ................................................................. 2

   A.  Plaintiffs' Fee Motion Is Premature Because Rule 54 Requires A Judgment Before Fees, Expenses or Costs May Be Awarded And The May 2 Order Is Not A Judgment Under Rule 54 ................................................. 2

   B.  Plaintiffs Have Failed To Comply With Rule 54(d)'s Requirement That They Provide An Estimate Of The Fees Which They Seek To Be Awarded, Mandating A Denial Of Their Motion ............................................. 5

   C.  Plaintiffs Have Failed To Comply With Local Civil Rule 54.1, Which Requires The Filing Of A Bill Of Costs ............................................................ 6

II. Even If Plaintiffs' Motion Were Properly Before This Court, This Court Would Have The Discretion To Deny The Motion Without Prejudice Or To Defer Ruling On The Motion ................................................................................. 7

III. Should This Court Permit Plaintiffs To Proceed With Their Motion, Defendants Respectfully Request That This Court Direct Plaintiffs To Disclose The Terms Of Their Fee Agreements And To Submit A Detailed Accounting Of The Claimed Fees And Expenses .......................................... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Case**

*Beatty v. Urban*, No. 5:05-cv-1718, 2006 WL 1006003 (N.D. Ohio, Apr. 13, 2006) .................................................................................................................. 6

*Chase Manhattan Mortgage Company-West v. Bankers Trust Co.*, 2001 WL 547224, No. 00 CIV. 8150 (MBM) (S.D.N.Y., May 23, 2001) ........................ 5

*Cobell v. Norton*, 319 F. Supp. 2d 36 (D.D.C. 2004) ............................................... 7

*Engler v. Rapid-American Corp.*, No. Civ. A. 96-2349, 1997 WL 30280 (D. Kan. Jan. 17, 1997) ..................................................................................................... 6

*Ford v. Ford Motor Company*, Nos. CV-01-4677(CPS), CV-99-5978 (CPS), 2007 WL 777739, (E.D.N.Y. March 12, 2007) ............................................... 4, 5

*Gonzales v. United States*, 44 Fed. Cl. 764 (1999) ................................................. 4

*Hairston Motor Co. v. Northland Ins. Co.*, No. 94-0053, 1994 WL 874390 (W.D. Va. Sept. 23, 1994) .................................................................................. 6

*Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 1989 (1980) ....................... 4

*In re Chateaugay Corp.*, 922 F.2d 86 (2d Cir. 1990) ........................................... 2, 4

*Oregon Nat. Res. Council Action v. U.S. Forest Serv.*, No. 03-613, 2004 U.S. Dist. LEXIS 9643 (D. Or. May 10, 2004) ............................................................ 5

*Sakon v. Andreo*, 119 F.3d 109 (2d Cir. 1997) ............................................... 2, 3, 5

*United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762 (5th Cir. 1996) ................. 3

*Yakowicz v. Pennsylvania*, 683 F.2d 778 (3d Cir. 1982) ......................................... 4

**Statutes**

15 U.S.C. § 1117(a) .................................................................................................. 8

17 U.S.C. § 505 ........................................................................................................ 8

42 U.S.C. § 1988 ...................................................................................................... 4

# TABLE OF AUTHORITIES
[Continued]

Page(s)

Fed. R. Civ. P. 54 ................................................................................................. passim

**Other Authorities**

10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2651 (2d ed. 1983) .................................................................................................................. 3

James Wm. Moore et al., *Moore's Federal Practice* ¶ 54.151[1] ................................... 7

**Rules**

Local Civil Rule 54.1 ................................................................................................. 1, 6

## **PRELIMINARY STATEMENT**

Plaintiffs' motion for attorneys' fees, expenses and costs should be denied because it is premature and facially invalid. Specifically, Plaintiffs' motion is defective under both Rule 54 of Federal Rules of Civil Procedure and Rule 54.1 of this Court's Local Civil Rules for three independent reasons.

*First,* Rule 54 allows for an award of fees and costs based on currently appealable judgments only. Ignoring this rule entirely, Plaintiffs ask for an award of fees, expenses and costs because this Court granted partial summary judgment in Plaintiffs' favor on Defendants' claim under the Indiana Right of Publicity Statute and that statute provides for such an award to a prevailing party. Plaintiffs are jumping the gun. Under Rule 54, and regardless of the Indiana Statute, the Court's order granting partial summary judgment (the "May 2 Order") is not a judgment as defined under Rule 54. Plaintiffs' motion should be denied for this reason alone.

*Second,* Plaintiffs' motion is defective on its face because it fails to "state" or "provide an estimate of the amount [of fees] sought," as expressly required by Rule 54. Because Plaintiffs' motion fails to comply with this further requirement of Rule 54, this Court should deny the motion for this reason as well.

*Third,* Plaintiffs' motion also fails to comply with Local Civil Rule 54.1, which requires the filing of a Bill of Costs with the clerk of the court, and not a motion before this Court, when seeking to recover costs.

In any event, even if Plaintiffs' motion were properly before this Court (and it is not), Rule 54 provides this Court with discretion to defer ruling on the motion, and there are two independent reasons why the exercise of such discretion would be appropriate. *First,* Defendants intend to appeal the May 2 Order once it becomes final. Defendants respectfully submit that their intended appeal will raise a serious challenge to the ruling and that there exists a real

possibility that the May 2 Order could be reversed. It is well-established that it is desirable in such a circumstance to postpone any decision on fees. *Second*, there are likely to be additional motions for attorneys' fees brought later in this action, and it would be more efficient for this Court to rule on all of those motions at once. These reasons further highlight that Plaintiffs' motion is premature and should be denied.

## ARGUMENT

I. **PLAINTIFFS' MOTION FOR FEES, EXPENSES AND COSTS IS PREMATURE AND DEFECTIVE UNDER RULE 54 AND LOCAL CIVIL RULE 54.1**

A. **Plaintiffs' Fee Motion Is Premature Because Rule 54 Requires A Judgment Before Fees, Expenses or Costs May Be Awarded And The May 2 Order Is Not A Judgment Under Rule 54**

Plaintiffs' motion is premature under Rule 54(d), which requires a final judgment or currently appealable order before fees, expenses or costs can be awarded. The May 2 Order is an order of partial summary judgment that is not an appealable order. *See, e.g., In re Chateaugay Corp.*, 922 F.2d 86 (2d Cir. 1990) (order granting partial summary judgment is an interlocutory order). Accordingly, the May 2 Order cannot support an award of fees, expenses or costs here.

Rule 54(d) provides, in relevant part:

> Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).

The Second Circuit has made clear in *Sakon v. Andreo*, 119 F.3d 109 (2d Cir. 1997), that Rule 54(d) governs "claims for attorneys' fees and other expenses that are not taxable as normal costs nor part of the claim that was adjudicated." *Id.* at 113; *see also United Indus., Inc. v.*

2

*Simon-Hartley, Ltd.*, 91 F.3d 762, 765-55 (5th Cir. 1996) ("Rule 54(d) was amended with the express purpose of harmonizing and clarifying the procedural requirements for attorneys' fees requests.").

The Second Circuit also made clear in *Sakon* that Rule 54(d) requires a judgment before an attorneys' fees motion can be brought. *See Sakon*, 119 F.3d at 113. Indeed, *Sakon* is on point and requires denial of Plaintiffs' motion. In that case, the district court had granted defendants' motion to strike the plaintiff's complaint and further ordered plaintiff to pay the defendants' attorneys' fees and expenses. The district court subsequently vacated its order to strike the plaintiff's complaint and, on that basis, did not enter any judgment in the case. Despite the lack of any judgment, the district court kept its initial fee award intact, relying on Rule 54(d) as the basis for its award. 119 F.3d at 112. The defendant appealed the district court's fee award and the Second Circuit reversed, holding, among other things, that fees cannot be awarded under Rule 54(d) in the absence of a judgment.

The Second Circuit explained:

> Rule 54 as a whole deals with "judgments," which it defines as decisions that are appealable. *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2651 (2d ed. 1983) ("judgment" means only final judgments and appealable interlocutory orders).
>
> . . . .
>
> In the present case, however, there has been no final judgment. Even during the period in which the original complaint was stricken, the action had not been dismissed; and defendants' motions to dismiss the action were denied. All of the court's orders were interlocutory, and there had been no appealable order. *There having been no judgment within the meaning of Rule 54, Rule 54(d) was not applicable.*

*Id.* (emphasis added) (citations omitted).

3

The Eastern District of New York applied *Sakon*'s holding just two months ago in *Ford v. Ford Motor Company*, Nos. CV-01-4677(CPS), CV-99-5978 (CPS), 2007 WL 777739, (E.D.N.Y. March 12, 2007). In that case, the district court granted a motion for partial summary judgment brought by defendant Ford Motor Company ("Ford") with respect to a claim brought under the N.Y. Veh. & Traf. Law. After the district court granted Ford's motion, Ford moved for an award of attorneys' fees and costs under Rule 54(d). 2007 WL 777739, at *1. As in this case, the New York statute permitted an award of attorneys' fees to a prevailing party. *Id.* at *6. Regardless of this aspect of the New York statute, the district court denied Ford's motion, correctly holding that Rule 54(d) requires a final judgment before an award of fees or costs can be made and that an order granting partial summary judgment is not a final judgment. *Id.* As the district court explained:

> In the present case, there has been no final judgment. A decision is considered final when "it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." My Memorandum Order and Opinion dated March 28, 2006, granted Ford partial summary judgment. An order granting partial summary judgment is not a final order. *In re Chateaugay Corp.*, 922 F.2d 86 (2d Cir. 1990) (an order granting partial summary judgment is [an] interlocutory order which does not become final until [a] court determines that there is no just reason for delay and expressly directs entry of final judgment). *There having been no final judgment, and hence no prevailing party, costs and fees cannot be awarded.*

*Id.* at *6 (emphasis added) (citations omitted).[1]

---

[1] This case does not present the narrow circumstance in which interim fees have been awarded pursuant to federal statutes whose legislative histories <u>explicitly</u> contemplated interim fee awards, many of which were decided before Rule 54 was amended in 1993 to enact section (d)(2)(B), governing the recovery of attorneys' fees. *See, e.g., Hanrahan v. Hampton*, 446 U.S. 754, 757-58, 100 S.Ct. 1987, 1989 (1980) (noting that Congress intended that interim fees be awarded for civil rights cases brought under 42 U.S.C. § 1988); *Yakowicz v. Pennsylvania*, 683 F.2d 778 (3d Cir. 1982) (same for civil rights cases brought under Civil Rights Act of 1964); *Gonzalez v. United States*, 44 Fed. Cl. 764, 767-68 (1999) (same for Equal Access to Justice Act). Moreover, even when awarding fees under those statutes, certain courts still have required the entry of an appealable order pursuant to Rule 54(b). *See,*
[Footnote continued on next page]

Plaintiffs' motion suffers from the same fatal defect that barred an award of fees in both *Sakon* and *Ford*. The May 2 Order is an interlocutory order granting partial summary judgment, so it is premature under Rule 54. Rule 54's prohibition of interim attorneys' fee awards makes eminent sense because it prevents inefficient and potentially needless piecemeal litigation over fees. Indeed, as explained below (*see supra* p. 8), there will likely be additional fee motions brought in the future in this action, and it would be far more efficient for this court to hear all such fee motions together. Accordingly, Plaintiffs' motion for fees is premature under Rule 54(d) and should be denied.[2]

### B.   Plaintiffs Have Failed To Comply With Rule 54(d)'s Requirement That They Provide An Estimate Of The Fees Which They Seek To Be Awarded, Mandating A Denial Of Their Motion

Plaintiffs' motion also violates the requirements of Rule 54(d) because it fails to state, or provide a fair estimate of, the amount of fees which Plaintiffs seek.

Rule 54(d)(2)(B) specifically provides that "[u]nless otherwise provided by statute or order of the court, the motion [for attorneys' fees] *must* . . . state the amount or provide a fair estimate of the amount sought." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added); *see also* Fed. R. Civ. P. 54 Advisory Comm. Notes 1993 ("What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate).").

---

[Footnote continued from previous page]
   e.g., *Oregon Nat. Res. Council Action v. U.S. Forest Serv.*, No. 03-613, 2004 U.S. Dist. LEXIS 9643, at *8 (D. Or. May 10, 2004) (holding that, under the Equal Access to Justice Act, "there must be some form of judgment, such as a Rule 54(b) judgment, entered" before fees can be awarded under the statute).

[2] Plaintiffs' request for an award of costs is likewise premature. *See, e.g., Ford*, 2007 WL 777739, at *6 (denying motion for both costs and fees because no judgment had issued); *Chase Manhattan Mortgage Company-West v. Bankers Trust Co.*, 2001 WL 547224, at *4, No. 00 CIV. 8150 (MBM) (S.D.N.Y., May 23, 2001) (same).

Plaintiffs have failed to state or provide a fair estimate of the fees they seek, as expressly required by Rule 54.[3] Plaintiffs' motion should be denied for this reason as well. *See, e.g., Beatty v. Urban*, No. 5:05-cv-1718, 2006 WL 1006003, at *1 (N.D. Ohio, Apr. 13, 2006) (denying motion for attorneys' fees pursuant to Rule 54 for failure to state the amount of fees sought); *Engler v. Rapid-American Corp.*, No. Civ. A. 96-2349, 1997 WL 30280, at *2 (D. Kan. Jan. 17, 1997) (same); *Hairston Motor Co. v. Northland Ins. Co.*, No. 94-0053, 1994 WL 874390, at *2 (W.D. Va. Sept. 23, 1994) (same).

### C. Plaintiffs Have Failed To Comply With Local Civil Rule 54.1, Which Requires The Filing Of A Bill Of Costs

Plaintiffs' request for an award of costs separately violates Local Civil Rule 54.1, which provides that a party seeking to recover costs "shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation." Local Civil Rule 54.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Plaintiffs have failed to file the required Bill of Costs in accordance with the Local Civil Rules, and Plaintiffs' motion should be denied for this reason as well.

---

[3] Plaintiffs' failure is unjustified, given that Plaintiffs claim that "[a]ll the attorneys' fees, costs, and expenses [incurred by them] from April 4, 2005 to May 2, 2007 relate to the action filed under the Indiana Statute because the parties have not litigated any other issues." Plaintiffs' Memorandum at 1-2. While we dispute Plaintiffs' characterization, Plaintiffs certainly could have provided the amount of fees sought by them here, given their contention that all fees incurred to date are being sought.

## II. EVEN IF PLAINTIFFS' MOTION WERE PROPERLY BEFORE THIS COURT, THIS COURT WOULD HAVE THE DISCRETION TO DENY THE MOTION WITHOUT PREJUDICE OR TO DEFER RULING ON THE MOTION

Even if the Plaintiffs' fee motion were properly before this Court, at least two independent reasons would make it appropriate for this Court to deny Plaintiffs' motion without prejudice or to defer ruling on the motion.

*First*, Defendants intend to appeal the May 2 Order. The issues which this Court ruled upon in the May 2 Order involve questions of first impression which significantly impact numerous individuals and institutions. Defendants respectfully submit that their intended appeal of the May 2 Order will raise a serious challenge to the ruling and that, at a minimum, there exists a real possibility that the ruling could be reversed. In these circumstances, it would be appropriate for this Court to deny Plaintiffs' motion without prejudice or to defer ruling on it until such an appeal were to be resolved. The legislative history of Rule 54 is clear on this point:

> If an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.

Fed. R. Civ. P. 54 Advisory Comm. Notes 1993 Amendment; *see also* James Wm. Moore et al., *Moore's Federal Practice* ¶ 54.151[1] ("a quick resolution of the fee issue is not always desirable. For instance, if the status of the fee movant as a prevailing party is subject to serious challenge, the district court may find it desirable to postpone any decision on the fees until after an appeal has confirmed the merits judgment."); *cf. Cobell v. Norton*, 319 F. Supp. 2d 36 (D.D.C. 2004) (declining to award fees for one aspect of case that "is currently on appeal," on

7

the grounds that the fee request "is premature and shall be denied without prejudice to refile at the conclusion of the appeal, if appropriate.").[4]

*Second*, the May 2 Order granting partial summary judgment disposes of only one single cause of action in this case arising under the Indiana Statute only. Defendants still have nine remaining causes of action (and Plaintiffs have four), and some of these claims arise under statutes that, like the Indiana Statute, authorize attorneys' fee awards. For example, both Plaintiffs and Defendants have asserted claims for declaratory judgments arising under both the United States Copyright Act and the Lanham Act, and both of these statutes permit this Court to award of attorneys' fees to a prevailing party in appropriate circumstances. *See, e.g.*, 17 U.S.C. § 505 (granting court discretion to award attorneys' fees to the prevailing party in a copyright case); 15 U.S.C. § 1117(a) (granting court discretion to award attorneys' fees to the prevailing party in an exceptional trademark case). As a result, the amount of fees awarded to Plaintiffs could increase or decrease as the litigation continues. It would be inefficient for the Court to award attorneys' fees to Plaintiffs at this stage of the litigation and then decide additional attorneys' fees motions later in this case. It would be far more economical, and sensible, for the Court to rule on all attorneys' fees motions at one time.

---

[4] Significantly, Plaintiffs would not suffer any hardship if this Court were to decline to award attorneys' fees at this early date. Indeed, as Plaintiffs concede, they have not yet paid any attorneys' fees to any of their attorneys. Rather, they have agreed to pay these fees, if at all, "at a later date." Plaintiffs' Memorandum at 2, n. 1. Plaintiffs thus have demonstrated no justification for the recovery of these sums now.

III. **SHOULD THIS COURT PERMIT PLAINTIFFS TO PROCEED WITH THEIR MOTION, DEFENDANTS RESPECTFULLY REQUEST THAT THIS COURT DIRECT PLAINTIFFS TO DISCLOSE THE TERMS OF THEIR FEE AGREEMENTS AND TO SUBMIT A DETAILED ACCOUNTING OF THE CLAIMED FEES AND EXPENSES**

Should this Court permit Plaintiffs to proceed with their motion, Defendants respectfully request that the Court direct Plaintiffs to disclose the terms of their fee agreements pursuant to Rule 54(d)(2)(B). Rule 54 specifically grants this Court the power to order the disclosure of Plaintiffs' fee agreements: "If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." Fed. R. Civ. P. 54(d)(2)(B); *see also* Fed. R. Civ. P. 54 Advisory Comm. Notes 1993 Amendment ("[i]f directed by the court, the moving party is also required to disclose any fee agreement, including those between attorney and client. . . .").

It is particularly appropriate to direct the disclosure of Plaintiffs' fee arrangements here. *First*, Plaintiffs' statement that they have yet to pay any fees to counsel raises legitimate questions as to what Plaintiffs' fee arrangement is and what obligations Plaintiffs have, if any, to pay such fees. *Second*, over the course of this case, Plaintiffs have been represented by three separate lead attorneys – Brian Greben, David Marcus, and Chris Serbagi – and each counsel presumably has made his own unique arrangements with Plaintiffs. *Third*, we are informed and believe that David Marcus is related to Plaintiff Edith Marcus, and he thus may be providing his services to Plaintiffs on a discount or other non-traditional basis. Therefore, Defendants respectfully request that the Court direct Plaintiffs to disclose their fee agreements.

In addition, should this Court permit Plaintiffs to proceed with their motion, Defendants respectfully request that this Court direct Plaintiffs to submit a detailed accounting of the fees and expenses which Plaintiffs seek to recover. If necessary, Defendants will request an opportunity to present an adversary submission with respect to the claimed fees and expenses.

9

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiffs' motion for fees and costs or, in the alternative, defer ruling on such motion until after a final judgment has been entered in the case and any appeals from such judgment have been concluded.

Dated: New York, New York
June 8, 2007

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Orin Snyder

Orin Snyder (OS-3122)
Cynthia Arato (CA-8350)
Michelle Craven (MC-8556)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-2400
Facsimile: (212) 351-4335

Attorneys for Defendant/Consolidated
Plaintiff Marilyn Monroe, LLC

SOMMER BARNARD PC

Jonathan G. Polak
Tracy N. Betz
*Admitted Pro Hac Vice*
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
Telephone: (317) 713-3500
Facsimile: (317) 713-3699

Attorneys for Defendant/Consolidated
Plaintiff CMG Worldwide, Inc.